KLEIN, HERBERT M., Associate Judge.
Appellants, defendants below, seek reversal of a trial court order, entered after a jury verdict in favor of the defendants, directing a verdict in favor of the plaintiff, appellee, on the issue of liability and ordering a new trial on the issue of damages.
The conflict which we are called upon to resolve arose out of an automobile accident that occurred on January 3, 1973, late at night at the intersection of Volusia Avenue and Segrave Street in Daytona Beach. At that time the plaintiff, appellee, was a passenger in an automobile operated by his father traveling east bound on Volusia Avenue when that automobile was struck by an automobile being driven by the appellant, PERRY, traveling at a right angle to it on Segrave Street. There is no question that the BATTISTA car had the right of way at *446 that intersection; there being a flashing red light for the appellant’s vehicle. The plaintiff, his father and another passenger in the car all testified that the PERRY vehicle traveling between 40 and 60 m. p. h. entered the intersection without ever stopping for the flashing red light and struck the BATTISTA vehicle broadside. The only witness for the defendant, the driver CARETTA PERRY, testified that she, having been born and raised in the area of the accident, was quite familiar with the intersection itself, stopped for the red light and upon looking, did not see any vehicles approaching nor the lights of any vehicles approaching and proceeded across the intersection when the impact occurred. The only other physical evidence as to the nature and cause of the accident was that the BATTISTA vehicle, after being struck broadside, was caused to move 5 to 10 feet and the PERRY vehicle “bounced back”.
Based upon these facts, the jury, after receiving instructions from the court (which instructions were neither objected to by either side nor the subject of an appeal) rendered a verdict in favor of the defendants.
The appellants urge that the testimony and physical evidence as outlined above created an irreconcilable conflict as to who caused the accident which conflict was and should have been resolved by the jury. Appellee asserts that there could not have been any conflict created by the “negative” testimony of the defendant and that the trial judge correctly set aside the jury verdict on the issue of liability based upon the rule of law first enunciated by the Supreme Court in Seaboard Airline Railway Co. v. Myrick, 91 Fla. 918, 109 So. 193 (1926). The doctrine set forth in that case and later followed by this court, in the case of Seaboard Coastline Railroad Co. v. Welfare, 350 So.2d 476 (1st DCA 1977), simply stated is that negative testimony is not sufficient to create a conflict justifying submission to a jury in the face of positive, affirmative evidence establishing a given set of facts. As stated in Myrick, supra:
“A mere statement that T did not see or hear’ the train or noise made by its approach as against affirmative evidence of credible witnesses that it did approach and made sufficient noise in doing so reasonably to attract the attention of others cannot be said to create a conflict of evidence justifying a submission of the question to the jury.”
The common denominator, however, in the Welfare and Myrick cases is that none of the witnesses giving the “negative” testimony indicated that their attention was directed to the particular facts in question. In the instant case the defendant stated that she had lived in the area most of her life, was aware of the traffic control device regulating her entry onto Volusia Avenue, directed her attentions specifically to such device and actually looked for approaching vehicles, giving rise to a reasonable inference, if the jury were to believe her testimony, that the proximate cause of the accident was the BATTISTA vehicle traveling without its lights on at night. We therefore conclude that this case is more properly governed by that rule of law enunciated by the Supreme Court in Tyus v. Apalochicola Northern Railroad Co., 130 So.2d 580 (Fla.1961), when that court said at page 585:
“The gist of our rule in relation to negative testimony in the face of positive testimony to the contrary is that if a jury decides that the attention of the witness whose testimony is negative in character, is actually directed to the fact or situation, about which he later testifies, regardless of the reason therefore, said jury may consider such negative testimony and accord to it the weight it may deem proper.”
Stated more simply, the defendant did not testify that “I saw nothing”, but rather stated, in essence, that “I looked where I should have been looking and there was nothing to see”.
The order appealed from is reversed and the trial court is directed to reinstate the jury verdict.
ROBERT P. SMITH, Jr., Acting C. J., and BOOTH, J., concur.