389 So.2d 1179 (1980)
PENSACOLA INTERSTATE FAIR, INC., and United States Fidelity & Guaranty Company, Petitioners,
v.
John POPOVICH, Nadio and Livio Christiani, Goodings Million Dollar Midway, Inc., and Reserve Insurance Company, Respondents.
GULF POWER COMPANY, Petitioner,
v.
Nadio and Livio Christiani et al., Respondents.
Nos. 55579, 55600.
Supreme Court of Florida.
October 30, 1980.
Roderic G. Magie of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, P.A., Pensacola, for Pensacola Interstate Fair, Inc., and United States Fidelity & Guaranty Co.
Miles Davis of Beggs & Lane, Pensacola, for petitioners.
Charles R. Timmel of the Law Offices of Charles R. Timmel, Fort Walton Beach, for Christiani, Goodings Million Dollar Midway, Inc., and Reserve Ins. Co., respondents.
OVERTON, Justice.
These causes are before the Court upon petition for writ of certiorari to review the decision of the First District Court of Appeal in Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978). The district court held that a judgment defendant has a right of appeal from an alleged error in judgment which exonerated codefendants of liability to the plaintiffs under the contribution among joint tort-feasors statutory provision, section 768.31, Florida Statutes (1975).
The opinion of the district court directly conflicts with North Shore Hospital v. Martin, 344 So.2d 256 (Fla. 3d DCA 1977), cert. denied, 353 So.2d 677 (Fla. 1977).[1] We have *1180 jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and approve the decision in Christiani.
The factual situation and chronology of legal proceedings are as follows. Popovich was a concessionaire with Goodings Million Dollar Midway, who had in turn contracted with Pensacola Interstate Fair, Inc., to provide a portion of the amusements and concessions for Pensacola's annual fair. Goodings entered into a subcontract with Nadio and Livio Christiani (hereinafter called Christiani) to provide a ride named the "Pirate's Den," which was subsequently set up on the fairgrounds in close proximity to high voltage transmission lines which crossed the property at a height of thirty feet. These transmission lines were owned by Gulf Power Company and were subject to sagging, rising, and swaying as a function of power surges, temperature, and wind, causing shifts up to several feet.
Mr. and Mrs. Popovich resided in a travel trailer which was situated on the fairgrounds several hundred feet from the midway. Electrical service to this trailer was furnished by Goodings' electrical power generators. Popovich alleged that the transmission lines came in contact with flagpoles on the "Pirate's Den" ride, and the current was transmitted from the poles to the ride structure through the grounding wires of Goodings' generator and back through the power line serving the Popovich trailer, at which point Mrs. Popovich was electrocuted. The action by Popovich for the wrongful death of his wife was brought against Gulf Power Company, Pensacola Interstate Fair, Inc., Goodings Million Dollar Midway, and Christiani.
The trial court entered summary judgment in favor of Pensacola Interstate Fair, Inc., on the grounds that it was not liable as a landlord for injuries to the wife of a subtenant.
At trial, the court granted a directed verdict in favor of the defendant Gulf Power Company and entered a judgment accordingly. The evidence reflected three possible electrical faults which could have caused the electrocution of Mrs. Popovich, only one of which could have resulted from the action of Gulf Power company by its employees' manually overriding a circuit breaker. The apparent grounds for granting the directed verdict were that there was no showing that the overriding of a circuit breaker was the actual cause of the electrical fault and, further, there was no evidence that the conduct of the power company in overriding the circuit breaker was either negligent or outside of accepted industry standards.
The trial resulted in verdicts for Popovich against the two remaining defendants, Christiani and Goodings Million Dollar Midway. The judgments against these defendants were subsequently settled while appeals were pending. Christiani and Goodings appealed both the summary final judgment entered in favor of their codefendant Pensacola Interstate Fair, Inc., and the judgment entered as a result of the directed verdict in favor of the codefendant Gulf Power Company.
On appeal, the district court held that (1) the contribution among joint tort-feasors act, section 768.31, was applicable; (2) Christiani and Goodings may appeal alleged errors in judgments which exonerated the codefendants Pensacola Interstate Fair, Inc., and Gulf Power Company; and (3) the trial court erred in granting the summary judgment for Pensacola Interstate Fair and the directed verdict for Gulf Power Company since there were issues of fact concerning the alleged negligence of each of those codefendants which should have been submitted to a jury. The applicability of the contribution among joint tort-feasors act is not in issue on this appeal. Further, we decline to reevaluate and review the holding by the district court that there were issues of fact concerning the alleged negligence which should have been submitted to the jury.
*1181 The critical policy-making issue for our determination relates solely to the right of a judgment defendant aggrieved by the exoneration of another codefendant to timely appeal from the appropriate judgment. Other jurisdictions are divided on this issue, although in some instances the denial of this right of appeal is based upon the wording of the specific contribution statute.[2] We choose to follow the view that allows a judgment defendant the right of an appeal from a judgment which adversely affects his or her right against exonerated defendants. This is clearly the fairer and more logical result. To find otherwise places these defendants in a disfavored class and denies the opportunity to recoup their losses from the person or entity actually responsible. We agree with the logic and reasoning of the in-depth opinion written by Judge Robert Smith in Christiani v. Popovich and adopt it as the opinion of this Court. We disapprove the conflicting opinion of the Third District Court of Appeal in North Shore Hospital.
For the reasons expressed, we approve the opinion of the district court and deny the petition for writ of certiorari.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] However, Christiani was followed in Zuckerman & Vernon Corp. v. Motchkavitz, 370 So.2d 1170 (Fla. 4th DCA 1979), and South Puerto Rico Sugar Co. v. Tem-Cole, Inc., 370 So.2d 1170 (Fla. 4th DCA 1979). Accord, Sol Walker & Co. v. Seaboard Coast Line Railroad Co., 362 So.2d 45 (Fla. 2d DCA 1978).
[2] See Christiani N. Popovich, 363 So.2d 2, 8-9 (Fla. 1st DCA 1978); 8 Stet.L.Rev. 401 (1979).