HURLEY, Judge.
This appeal results from a jury verdict finding that defendant/appellant South Puerto Rico Sugar Company[1] negligently sprayed a herbicide known as “2,4-D” on plaintiff/appellee Tern-Cole, Inc.’s radish crop thereby causing $375,000 in damages. Our review of the record leads us to conclude that the verdict is based upon substantial competent evidence and that appellant has failed to demonstrate reversible error. Thus, we affirm.
One procedural aspect of the case, however, merits discussion and requires a brief factual sketch. Tern-Cole brought suit against two principal defendants, South Puerto Rico Sugar Company and Talisman Sugar Corporation, and their insurers. The complaint alleged that a portion of Tern-Cole’s radish crop had been destroyed by the defendants’ negligent spraying of 2,4-D. Defendants apparently viewed this as an “either or” allegation, for neither defendant filed a cross-claim against the other for contribution. Thus the case proceeded to trial.
At the conclusion of the plaintiff’s case, both defendants moved for directed verdicts. Each defendant limited its argument to an analysis of the deficiencies in the evidence introduced against it Then, in the course of responding to both motions, Tern-Cole’s counsel made the following statement:
To be very frank about it in my mind at this point based on the record I have got to conclude that the 2,4-D damage came from across the road, came from the . . . [South Puerto Rico Sugar Company] property.
*495 Neither I nor my client have any desire to hold the Defendant in just because we might have some slight reason for doing so if we don’t feel that they are generally responsible. That is really all I can say.
The trial judge invited further argument from South Puerto Rico’s attorney. After an initial reference to a deposition which had not been introduced into evidence, counsel confined his comments to the evidence adduced against his client. At no point did South Puerto Rico’s counsel voice an objection to the granting of Talisman’s motion for a directed verdict, or inform the court how his client’s interest would be prejudiced if the motion were granted. At the conclusion of all of the argument, the trial court granted Talisman’s motion and entered a directed verdict in its favor. The trial proceeded with South Puerto Rico as the principal defendant and resulted in a plaintiff’s verdict of $375,000.00.
Now for the first time on appeal, South Puerto Rico questions the propriety of the trial court’s decision to grant a directed verdict in favor of the co-defendant, Talisman Sugar Corporation. It urges that the ruling was incorrect and, relying upon Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla.1980), it claims a right to assert the error on appeal. The flaw in this argument is that appellant failed to register an objection in the trial court. Thus, it cannot raise the error on appeal.
The Supreme Court in Pensacola Interstate Fair, Inc. v. Popovich, supra, ratified the First District Court of Appeal’s decision in Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), and held that the right of one co-defendant to appeal a judgment which exonerates another co-defendant is mandated by Florida’s Uniform Contribution Among Tortfeasors Act, Section 768.31, Florida Statutes (1979). We applied this rule to the case at bar in denying South Puerto Rico’s motion to dismiss. See South Puerto Rico Sugar Co. v. Tem-Cole, Inc., 370 So.2d 1170 (Fla. 4th DCA 1979). Yet none of these cases speak to the question of what procedural requirements must be satisfied in order to appeal a judgment exonerating a co-defendant. Our analysis impels us to hold that appellant is subject to the general rule which precludes a party from complaining on appeal of errors which were not raised or objected to in the trial court. “One of the firmest principles of appellate procedure is that in order to hold a trial court in error, that trial court must have had an opportunity to rule upon the question presented to the appellate court for review.” Paul v. Ranter, 155 So.2d 402, 403 (Fla. 3d DCA 1963). Accord, Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973); Walker v. Hampton, 235 So.2d 325 (Fla. 1st DCA 1970); Florida Livestock Board v. Hygrade Food Products Corp., 141 So.2d 6 (Fla. 1st DCA 1962).
The foregoing rule is “founded on considerations of practical necessity and fairness to the trial court and the opposite party.” 3 Fla.Jur.2d Appellate Review § 92 (1978). Bearing this in mind, we believe that the case at bar graphically demonstrates the necessity for strict compliance. Plaintiff’s counsel virtually conceded the correctness of Talisman’s motion. Nonetheless, counsel for South Puerto Rico failed to object or to state how his client’s interests might be adversely affected. Faced with a concession by one party and silence by another, the trial court granted the motion. To allow South Puerto Rico to change its stance at this point in the proceedings would not only be unfair and at odds with basic principles of appellate review, but would put a premium on tactics aimed at lulling a trial court into error. This we cannot permit. Thus, we hold that appellant is precluded from contesting Talisman’s directed verdict and the judgment entered thereon because of its failure to object below.
Accordingly, the judgment is
AFFIRMED.
ANSTEAD, J., and RIVKIND, LEONARD, Associate Judge, concur.

. Sometime in 1968, Gulf & Western Corp. acquired South Puerto Rico Sugar Co. The two corporate names were used intérchangeably throughout the trial and on appeal. However, for the sake of clarity and consistency we refer to appellant by its former name.