405 So.2d 754 (1981)
J.A. BELCHER, Individually and As Co-Trustee of the J.A. Belcher Trust and As Co-Trustee of the Margaret Belcher Gerhart Trust; J.A. Belcher, Jr., As Co-Trustee of the J.A. Belcher, Trust; E.N. Belcher III, Individually and As Co-Trustee of the Margaret Belcher Gerhart Trust; Jewel Lee Kallusch; Frank W. Gerhart; Lynn McLeod Nichols; Janet McLeod Varnado; and Peter L. Pollock, Appellants,
v.
FIRST NATIONAL BANK OF MIAMI et al., Appellees.
Nos. 78-2207, 78-2210.
District Court of Appeal of Florida, Third District.
October 27, 1981.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Ellen C. Freidin and Alan G. Greer, Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellants.
Steel, Hector & Davis and John M. Barkett and Wilson Smith, Miami, for appellees.
Before BARKDULL, HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
These consolidated appeals raise the issue whether a pre-judgment defendant may appeal a summary judgment exonerating a *755 co-defendant. We hold that such an order is non-appealable and dismiss.[1]
Nora Manning, a registered real estate broker, was the plaintiff in this action to recover a brokerage commission. The various defendants are owners and trustees of a tract of land in Broward County. Ms. Manning claims that J.A. Belcher, Sr. (J.A.) part owner of the land, had apparent authority to act for the other owners and trustees and gave her an oral listing on the property offering a ten percent commission upon its sale. J.A. claims that no promises were made. Two potential buyers for the property were produced, but the deals fell through and Ms. Manning filed this suit. Her complaint sought damages for breach of the commission agreement and willful and malicious interference with a business arrangement. All of the defendants moved for summary judgment. After a hearing, the lower court granted summary judgment for appellee First National Bank of Miami (FNBM), and denied the motion with regard to the other defendants. Final judgment was entered for the bank, and the remaining defendants, appellants herein, seek review of this order.[2]
Essentially, appellants submit that the trial court's order granting summary judgment for their codefendant FNBM was correct  but argue that they also should have been granted summary judgment. Appellants contend that no material factual differences exist among the positions of the various defendants, and therefore maintain that summary judgment should have been granted for all. Recognizing, however, that they may not appeal from the denial of their own motion for summary judgment, Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th DCA 1980); Mooney v. Integon Life Insurance Co., 368 So.2d 957 (Fla.3d DCA 1979); Fla.R.App.Pro. 9.130, appellants instead challenge the summary judgment in favor of their codefendant FNBM.
For many years the rule in Florida was that a defendant could not appeal a judgment exonerating a codefendant because there was no contribution among tortfeasors. Jackson v. Florida Weathermakers, 55 So.2d 575 (Fla. 1951); O'Brien v. Francis, 231 So.2d 13 (Fla.3d DCA 1970); see also Durbin Paper Stock Co. v. Watson-David Insurance Co., 167 So.2d 34 (Fla.3d DCA 1964), cert. denied, 172 So.2d 596 (Fla. 1965). Appellants argue that this rule no longer pertains, and relying upon Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla. 1980), claim a right to assert this error on appeal.
In Popovich, supra, the Florida Supreme Court affirmed the decision of the First District in Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), and held that the right of a judgment defendant to appeal from a judgment exonerating another codefendant is a necessary consequence of Florida's Uniform Contribution Among Tortfeasors Act, Section 768.31(4)(f), Florida Statutes, which destroys inchoate contribution rights against an exonerated codefendant.[3]
We agree with appellants that Popovich extends to judgment defendants the right to appeal adverse rulings exculpating co-defendants. However, appellants may not benefit from Popovich at this time because they are not yet judgment defendants. In the present posture of this case, no liability has been determined; there has been no trial resulting in a judgment against appellants. While FNBM has escaped on the basis of summary judgment, there is no certainty that appellants will not enjoy a like result at the hands of the jury. No case or controversy presently exists for us to resolve. Consequently, we hold that the *756 order under review is non-appealable and dismiss.[4]
We now consider FNBM's request for attorney's fees on this appeal pursuant to Section 57.105, Florida Statutes (Supp. 1978). This section authorizes the award of attorney's fees to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. Although such fees are authorized on appeal, T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla.3d DCA 1980), and would not constitute a retroactive application of Section 57.105 since the statute took effect June, 1978 and this appeal was filed in November, 1978, Love v. Jacobson, 390 So.2d 782 (Fla.3d DCA 1980), we nonetheless find that they are not merited under the facts of this case. In light of the recent Popovich ruling, appellants' position, although unsuccessful on the merits, was clearly not frivolous. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), pet. for rev. denied, 392 So.2d 1373 (Fla. 1980); City of Deerfield Beach v. Oliver-Hoffman Corp., 396 So.2d 1187 (Fla. 4th DCA 1981).
Accordingly, the appeal is dismissed, and the request for attorney's fees under Section 57.105 is denied.
Appeal dismissed.
NOTES
[1] We denied a prior motion by appellee FNBM to dismiss this appeal in order to give further consideration to the views expressed herein.
[2] Plaintiff Manning did not appeal from the summary judgment granted to FNBM.
[3] In light of our dismissal of this case, we express no view as to the applicability vel non of the Uniform Contribution Among Tortfeasors Act upon this litigation.
[4] Since the judgment defendants in the Popovich cases were appealing a summary final judgment entered some eight or nine months prior to the final judgment which established their liability and the cases fail to address the procedural requirements necessary to appeal a judgment exonerating a codefendant, we read Popovich I and II to mean that appellants sub judice may appeal from the summary final judgment for FNBM within thirty days from rendition of an order determining their liability to plaintiff Manning. This interpretation of Popovich will preserve appellants' right to seek review of the order notwithstanding the thirty-day rule. See Fla.R.App.Pro. 9.110(b); Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla.3d DCA 1980).