408 So.2d 639 (1981)
MERCY HOSPITAL, INC., Appellant,
v.
Alfredo MARTI, M.D., Appellee.
No. 80-2449.
District Court of Appeal of Florida, Third District.
December 22, 1981.
Rehearing Denied January 26, 1982.
*640 Adams & Ward and Robert Ward, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Mercy Hospital, Inc., a defendant in a wrongful death action, filed a third-party complaint against Dr. Alfredo Marti seeking contribution.[1] Marti moved for summary judgment asserting, inter alia, that he never agreed to undertake, nor undertook, the care and treatment of the plaintiffs' decedent and therefore could not be a joint tortfeasor. The trial court entered summary judgment in favor of Marti, and Mercy appealed.
We determine, sua sponte, that the judgment under review is non-appealable, and we dismiss Mercy's appeal. We recently held in Belcher v. First National Bank of Miami, 405 So.2d 754 (Fla.3d DCA 1981), that the right of a defendant to appeal from a judgment exonerating a co-defendant, first accorded by Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), aff'd sub nom. Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla. 1980), can be exercised only by a defendant against whom judgment has been entered. This rule applies whether, as in Belcher, the exonerated co-defendant was brought into the action by the plaintiff, or, as here, brought into the action by another defendant. Mercy's liability to the plaintiffs has not yet been established, and since it may never be, its asserted right of contribution against Marti can only be academic at this stage. That being the case, there is no present controversy for us to resolve.[2]
Appeal dismissed.
BASKIN, Judge (concurring).
I join in the majority opinion only because in Belcher v. First National Bank of Miami, 405 So.2d 754 (Fla.3d DCA 1981) footnote 4, the court read Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), aff'd sub nom. Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla. 1980), to permit appeal at a later time.
NOTES
[1] Mercy also sought indemnity from Marti. The trial court, in a separate unappealed order, granted summary judgment in favor of Marti on the indemnity claim.
[2] Nor does the summary judgment in Marti's favor determine an issue of liability in favor of the party seeking affirmative relief (Mercy) so as to make it an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3). See Aetna Casualty & Surety Co. v. Meyer, 385 So.2d 10 (Fla.3d DCA 1980).