BASKIN, Judge.
As Ms. Rinek exited from the Days Inn in Key West, her automobile collided with a motorcycle operated by Roger Ren-shaw. Renshaw sued Rinek, Days Inn, the City of Key West, Monroe County and the Department of Transportation (DOT). Ms. Rinek defended alleging that a school bus sign blocked her view. The trial court entered summary judgments in favor of the City of Key West, DOT and Monroe County. When Rinek appealed those summary judgments, this court dismissed her appeal. Days Inn subsequently settled with Ren-shaw and the case proceeded against Rinek and her insurer until Rinek settled. The settlement purports to release Renshaw’s claims against the City of Key West, DOT and Monroe County. Seeking contribution from her co-defendants in the action brought by Renshaw, Rinek now appeals the summary judgments in favor of the City of Key West, DOT and Monroe County. Appellees argue that because Rinek settled, she is not a judgment defendant entitled to appeal the summary judgments. We disagree.
In Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1979) adopted sub nom Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla.1980), the court held that a judgment defendant could seek appellate review of a summary judgment where the defendant was aggrieved by the exoneration of a co-defendant.
In Belcher v. First National Bank of Miami, 405 So.2d 754 (Fla. 3d DCA 1981), this court stated that appellants could not benefit from Popovich because they were not yet judgment defendants. The opinion explained:
In the present posture of this case, no liability has been determined; there has been no trial resulting in a judgment against appellants. While FNBM has escaped on the basis of summary judgment, there is no certainty that appellants will not enjoy a like result at the hands of the jury. No ease or controversy presently exists for us to resolve. Consequently, we hold that the order under review is non-appealable and dismiss, (footnote omitted)
In Belcher the court interpreted Popovich to mean that Belcher was required to appeal the summary judgments exonerating his co-defendants within thirty days of rendition of the order determining Belcher’s liability.
Similarly, in Mercy Hospital, Inc. v. Marti, 408 So.2d 639 (Fla. 3d DCA 1981) review denied, 418 So.2d 1280 (Fla.1982), this court dismissed the appeal stating:
Mercy’s liability to the plaintiffs has not yet been established, and since it may never be, its asserted right of contribution against Marti can only be academic at this state. That being the case, there is no present controversy for us to resolve, (footnote omitted)
408 So.2d at 640.
Thus, it is clear that Belcher and Mercy Hospital do not require that a cause proceed to trial and judgment before a ruling is appealable. All that is necessary is a case or controversy. Because Rinek settled with Renshaw, issues pertaining to the entry of summary judgment are now ripe for review.
Appellees’ next point lacks merit. They would require á tortfeasor who seeks to attack a summary judgment exonerating co-defendants to settle within thirty days of the entry of summary judgment in order to preserve the right to appeal. We decline to foreclose appellate remedies in that fashion. See Mercy Hospital, 408 So.2d at 640 (Baskin, J. concurring). Furthermore, settlements, while favored, should not be *998 coerced. Epps v. Epps, 440 So.2d 1314 (Fla. 3d DCA 1983).
Public policy encourages settlements. To force a defendant to trial merely to enable litigants to preserve their appellate rights would be counterproductive. Neither Belcher nor Popovich intended to deprive a litigant who settles after entry of summary judgment the right to appeal a trial court’s ruling resulting in the denial of a statutory right to contribution. Section 768.31(2)(d), Florida Statutes (1981), adequately protects the interests of co-defendants by limiting recovery to reasonable amounts. For these reasons we find no impediment to Rinek’s appeal.
Next, we reject appellees’ contention that as their liability was extinguished not by the settlement, but by summary judgments, section 768.31 does not subject them to claims for contribution, see Popo-vich.
Genuine issues of material fact remain for resolution. They include issues pertaining to the placement, ownership and maintenance of the school bus sign and utility poles, the causation of the accident and the effects of deteriorated lane markings. Under Holl v. Talcott, 191 So.2d 40 (Fla.1966), the presence of these issues mandates reversal.
We do not address the issue of sovereign immunity as it was not raised below.
Reversed and remanded for proceedings consistent with this opinion.