GRIMES, Acting Chief Judge.
This is a petition for writ of certiorari from an order denying a motion to dismiss a third party complaint.
During a period of localized flooding, Judith Collom and her daughter, April, were walking across private property in St. Pe-tersburg. They stepped into a storm sewer drainage ditch located on a city drainage easement and were sucked into a pipe and drowned. Bert Collom, as personal representative, brought a wrongful death action against the city, Jack J. Holton and H.J. Wilson Company, Inc., asserting that they had negligently caused the death of his wife, Judith, and his daughter, April. On April 8, 1980, Wilson obtained a final summary judgment against Collom. On appeal, this court affirmed that judgment on March 4, 1981. Collom v. H.J. Wilson Co., 396 So.2d 1238 (Fla. 2d DCA 1981).
In the meantime, on August 21, 1980, Holton filed a motion for leave to file a third party complaint against Wilson. The proposed third party complaint attached to the motion alleged that Wilson had negligently caused the condition which resulted in the Colloms’ deaths and sought contribution and indemnity. The motion for leave to file third party complaint was not heard until June 24, 1981, when it was denied by a new judge who had been assigned to the case. Holton did not seek to appeal that order.
The trial against the remaining defendants was delayed pending appellate activity on other issues. See City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982), approving Collom v. City of St. Petersburg, 400 So.2d 507 (Fla. 2d DCA 1981). On July 24, 1984, Holton filed a motion for reconsideration of his motion for leave to file a third party complaint. Pursuant to stipulation of the parties then in the suit, a third judge more recently assigned to the case entered an order granting Holton the right to file a third party complaint against Wilson. The complaint was identical to the one attached to his original motion for leave to file third party complaint. The case was then set for trial on December 3, 1984. The court denied Wilson’s motion to dismiss the third party complaint on October 3, 1984. This petition is directed to the order of denial.
Both theories of the third party complaint were predicated on allegations of Wilson’s negligence in causing the Colloms’ deaths. Yet, the final summary judgment of April 8, 1980, exonerated Wilson for negligently causing the Colloms’ deaths. The judgment entered in favor of his code-fendant was binding on Holton. Sol Walker & Co. v. Seaboard Coast Line Railroad, 362 So.2d 45 (Fla. 2d DCA 1978). Holton could have appealed the judgment *439 in favor of Wilson. Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla.1980). Since he failed to do so, he cannot now proceed against Wilson for indemnity or contribution.
In seeking to avoid the effect of the judgment for Wilson against the Colloms, Holton refers to certain cases which have held that his right to appeal that judgment does not accrue until he becomes liable to the Colloms. Mercy Hospital, Inc. v. Marti, 408 So.2d 639 (Fla. 3d DCA 1981), petition for review denied, 418 So.2d 1280 (Fla.1982); Belcher v. First National Bank, 405 So.2d 754 (Fla. 3d DCA 1981). Unlike the Third District Court of Appeal, we see nothing in Pensacola Interstate Fair, Inc. which holds that a defendant must first suffer a plaintiffs judgment against him before he can complain of a ruling exonerating a codefendant from liability to the plaintiff. In Pensacola Interstate Fair, Inc., one of the appellants successfully appealed a judgment exonerating a codefend-ant which was entered seven months before the plaintiff obtained a judgment against that appellant. In the underlying opinion approved by the supreme court, the First District Court of Appeal rejected the argument that inchoate contribution claims are not justiciable by appeal until liability has been established. Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978). To adopt Holton’s view would mean that even though the judgment exonerating Wilson from liability to the Colloms was entered in 1980 and affirmed in 1981, Holton still retains the right to appeal the same judgment if the Colloms should ever obtain a judgment against him.
In any event, our ruling need not be grounded only on the judgment against the Colloms exonerating Wilson. Several months after the entry of the Wilson judgment, Holton moved for leave to file the same third party complaint as the one now in issue. The record reflects that the order denying this motion was entered on the merits. The judge had concluded that the issue was controlled by this court’s affirmance of the Wilson judgment. Since the effect of that order was to fully dispose of a claim against a party no longer in the case, it was not interlocutory and could have been appealed. See Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981). Yet, no appeal was taken.
The posture of the instant case is analogous to City of St. Petersburg v. Circuit Court of Sixth Judicial Circuit, 422 So.2d 18 (Fla. 2d DCA 1982). There, the plaintiff’s claim against the City of St. Peters-burg was dismissed, and the order of dismissal was not appealed. Eleven months later, while the suit was still pending against other defendants, the plaintiff sought to amend her complaint so as to once again sue the city. The plaintiff theorized that since the cross-claim of one of the other defendants against the city remained pending, the court had jurisdiction to reinstate the plaintiff’s similar claim against the city. On the city’s suggestion for writ of prohibition, this court said:
When a court’s jurisdiction over the subject matter is terminated, prohibition is the proper remedy to prevent further action from being taken. State ex rel. Huntley Bros., Inc. v. Gooding, 149 So.2d 55 (Fla. 1st DCA 1963); State ex rel. Seaboard Air Line R. Co. v. Kehoe, 133 So.2d 459 (Fla. 3d DCA 1961). Therefore, this case turns on whether the court lost jurisdiction to further entertain the claim of Mrs. Johnson against the city when the time for obtaining a rehearing or taking an appeal from the order dismissing that claim with prejudice expired.
422 So.2d at 19. We concluded that the order of dismissal was a final order. Consequently, we held that the court had lost jurisdiction to reinstate the claim and granted prohibition.
Since the trial court rejected Holton’s motion to file a third party complaint against Wilson in 1981, it does not now have jurisdiction to permit the prosecution of the same third party complaint three years later. Therefore, we grant certiora-ri, quash the order denying Wilson’s motion to dismiss the third party complaint, *440 and direct that Wilson be dismissed from the case.
SCHEB and SCHOONOVER, JJ., concur.