482 So.2d 341 (1986)
Jack J. HOLTON, et al., Petitioners,
v.
H.J. WILSON CO., INC., Respondent.
No. 66453.
Supreme Court of Florida.
January 30, 1986.
*342 J. Emory Wood, Tampa, for petitioners.
John T. Allen, Jr. and Christopher P. Jayson of John T. Allen, Jr., P.A., St. Petersburg, for respondent.
ADKINS, Justice.
We have for review H.J. Wilson Co. v. Collom, 460 So.2d 437 (Fla. 2d DCA 1984), in which the district court interpreted our decision in Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla. 1980), in a manner it acknowledged as inconsistent with the Third District's readings of the same case in Belcher v. First National Bank, 405 So.2d 754 (Fla. 3d DCA 1981), and Mercy Hospital, Inc. v. Marti, 408 So.2d 639 (Fla. 3d DCA 1981), review denied, 418 So.2d 1280 (Fla. 1982). We have jurisdiction based on conflict, article V, section 3(b)(3), Florida Constitution, and approve Wilson.
In Popovich we examined the Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes (1975), and upheld a judgment defendant's right to appeal alleged errors in judgments exonerating codefendants. Because section 768.31(4)(f) renders the judgment of the court as to liability among several defendants binding upon those parties in terms of contribution, this Court reasoned that a party is aggrieved upon the exoneration of a codefendant and must therefore be accorded a right to appeal.
The question which Popovich left unanswered, and which we presently address, is the time at which such an appeal is to be taken. The district courts have split on this issue. While noting that Popovich "fail[ed] to address the procedural requirements necessary to appeal a judgment exonerating a codefendant," Belcher, 405 So.2d 756 fn. 4, the Third District, in Mercy Hospital and Belcher, as well as Rinek v. State Department of Transportation, 442 So.2d 996 (Fla. 3d DCA 1983), review denied, 451 So.2d 847 (Fla. 1984), has held that the right to appeal matures only after a "present controversy" presents itself for resolution in terms of indemnity or contribution. Belcher, 405 So.2d at 755. In other words, a party may appeal an adverse judgment only after suffering an adverse judgment in the case, or, as in Rinek, reaching a settlement with the plaintiff.
In the case at bar, on the other hand, the Second District held that a defendant may not wait until rendition of a judgment against him. The court barred the defendant's claim for contribution and/or indemnity against a codefendant on the grounds that he had failed to timely appeal the summary judgment exoneration of the codefendant.
We agree with the Wilson court. The policies of finality of litigation and judicial efficiency require that a codefendant, as well as a plaintiff, be bound to timely appeal an adverse ruling exonerating one of two or more defendants when the defendant's exoneration as against the plaintiff will also determine that defendant's liability to the codefendant for either contribution or indemnity.
Such a ruling will avoid the type of abuse illustrated by the facts of this case. Bert Collom brought a wrongful death action against defendants City of St. Petersburg, *343 Jack Holton and H.J. Wilson Co., alleging that each had negligently contributed to the drownings of his wife and daughter in a flooded storm sewer. On April 8, 1980, Wilson, the builder of the sewer, obtained a final summary judgment against plaintiff Collom. The district court affirmed this judgment on March 4, 1981. Collom v. H.J. Wilson Co., 396 So.2d 1238 (Fla. 2d DCA 1981).
Although Holton, the owner of the land involved, was a party to the action during this time, he failed to participate in the appeal of the judgment exonerating Wilson. Rather, on August 21, 1980, Holton filed a motion for leave to file a third-party complaint against Wilson, seeking contribution and/or indemnity. This motion was not heard until July 24, 1981. The trial court judge denied the motion, finding the district court's affirmance of the summary judgment determinative of Holton's claims. Finding no requisite common liability justifying a claim of contribution, and no relationship between the defendants creating a right to indemnity, Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979), the court denied the motion.
This ruling was neither appealed nor contested by Holton until three years later. In July of 1984, Holton successfully brought Wilson back into the litigation when another trial judge granted Holton's motion for reconsideration of his earlier motion seeking leave to file a third-party complaint against Wilson. The motion for reconsideration was accompanied by a complaint identical to that submitted to the court three years before.
The Second District articulated its disapproval of that decision on two grounds. First, the court found that because Wilson's summary judgment as to Collom determined the liability of Wilson to Holton, Holton had failed to timely appeal the entry of the initial summary judgment exonerating Wilson. Secondly, Holton failed to appeal the denial of his motion for leave to file a third-party complaint. Citing Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981), the court held that the order should have been appealed as an order fully disposing of a claim against a party no longer in the case.
Because we hold that Holton, under these circumstances, failed to timely appeal the summary judgment absolving Wilson of any liability to Collom based on negligence, we find the denial of Holton's motion for leave to file a third-party complaint proper, and agree that Holton's failure to appeal the ruling should have properly served as a second bar to his eventual prosecution of a claim against Wilson. Orlovsky v. Solid Surf, Inc.; Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983); Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980). As a party to the action during the resolution of liability between Collom and Wilson, Holton was aggrieved by Wilson's initial exoneration by summary judgment and should have joined in Collom's appeal. Under section 768.31(4)(f), Florida Statutes (1983), if the judgment apportions liability between the parties, it is also determinative of contribution rights between the parties. If Holton knew of any material issues of fact pointing to Wilson's liability, it should have presented them to the court during Collom's appeal, either by filing a brief or cross-appealing. Holton argues he had no such duty to participate in a proceeding between two other parties.
Holton cites a line of case law in which our decision of Pensacola Interstate Fair, Inc. v. Popovich has been interpreted as allowing a defendant to appeal a judgment exonerating a codefendant only after he has either suffered an adverse judgment at the hands of the plaintiff or settled with the plaintiff. The Third District, in Belcher v. First National Bank and Mercy Hospital, Inc. v. Marti, interpreted the language in Popovich recognizing a judgment defendant's right to appeal from a ruling adversely affecting his rights against exonerated defendants as requiring entry of a judgment against the defendant before his right to appeal accrues. In Rinek, the court mitigated its strict requirement that a judgment be returned prior to appeal by *344 allowing a settling party to appeal the exoneration of three codefendants.
We disagree with the Third District in its assertion that no "case or controversy" exists prior to either a finding of a defendant's liability or a settlement with plaintiff. We are principally concerned here with the relationship between two defendants. A timely appeal by one defendant of a ruling exonerating another as against the plaintiff is necessary only because, in this context of contribution and indemnity, a finding of non-liability to the plaintiff determines the second claim on the merits. A "case and controversy" sufficient for clear resolution of the issues does exist. If Holton was aware of any additional facts, possessed any special knowledge, or could formulate any persuasive legal arguments bearing on the question of Wilson's liability to Collom, he should have brought such information to the court's attention prior to the resolution of question, or at least upon Collom's appeal of the order exonerating Wilson of all liability.
In sum, we conclude that in a situation involving contribution and/or indemnity among alleged tortfeasors, there is no better time for resolution of all relevant issues of liability than upon the court's first determination of a codefendant's liability. See South Puerto Rico Sugar Co. v. Tem-Cole, Inc., 403 So.2d 494 (Fla. 4th DCA 1981), review denied, 412 So.2d 470 (Fla. 1982).
An examination of Popovich will shed light on the questions at bar. In the case, plaintiff brought a wrongful death action against Midway, Fair, the fair's operators, and Power Company. In November 1974, the trial court entered summary judgment in favor of Fair. Upon the timely appeal of both the plaintiff and indemnity cross claimants Midway and the operators, the order was affirmed.
In June 1975, a substantial verdict was returned against the operators and Midway. Those parties then appealed, inter alia, the final summary judgment entered in favor of their codefendant Fair. The issue focused upon by the First District, in Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), and subsequently this court, was whether the operators and Midway were entitled to appeal the judgment exonerating the Fair. Because section 768.31, Florida Statutes (1975) rendered the findings of liability determinative of contribution rights, we held that the operators and Midway, who happened to have the status of judgment defendants, should be accorded the right to appeal the Fair's exoneration.
While we therefore explicitly ruled upon a judgment defendant's right to appeal, we intended to lay down no requirement that a judgment be returned prior to appeal. In fact, in affirming the decision below, we implicitly affirmed the plaintiff's, and codefendants', "timely appeal" of the November 1974 summary judgment exonerating Fair, some seven months prior to rendition of judgment against the codefendants. Christiani, 363 So.2d at 4. The First District opinion, adopted by this Court, rejected the notion that claims based on contribution are not justiciable by appeal until liability has been established by judgment. Id. at 9-10.
We must here clarify one aspect of Popovich. While strongly affirming one defendant's right to appeal from a firm judgment exonerating another, we hold that such right should be exercised within thirty days of that final judgment, as required by Florida Rule of Appellate Procedure 9.110(b). Under today's decision, we would not allow a judgment defendant a second appeal of the judgment exonerating a codefendant once appealed upon its rendition. We see no need for the second appeal, discerning no issues not fully capable of resolution during the first appeal.
Holton's argument that he should now be allowed to proceed against Wilson clashes with every policy of judicial efficiency and coherent and consistent resolution of issues. The trial court below, for instance, overruled a decision of the same court denying Holton leave to proceed against Wilson. Additionally, Holton would again have the court consider issues of liability *345 properly foreclosed by Wilson's exoneration over three years before.
The trial court, and subsequently the district court, found no material issues of fact concerning Wilson's liability. Holton should have brought to light any such facts during the initial determination and appeal, not three years after his codefendant's exoneration. If the phrase "finality of decision" is to have any meaning whatsoever, it must mean that parties in Wilson's position should not be kept in a legal twilight zone of liability for such extended periods of time.
Finally, we must make a point as to the scope of this ruling, and distinguish between contribution and indemnity. Since a claim in contribution is predicated on a finding of common liability, the resolution of liability as between the plaintiff and one of the defendants binds the other defendant. See § 768.31(4)(f), Fla. Stat. (1983). The issues involved in indemnity, however, will not necessarily be resolved in the initial dispute between plaintiff and defendant.
It is conceivable, for example, that a ruling exonerating one defendant from liability as against the plaintiff would not determine the other defendant's claim against the exonerated party on grounds of indemnity. A party whose claim is solely based on a special relationship creating a right to indemnity, Houidalle, 374 So.2d at 492, need not appeal the ruling. In any case involving contribution, or both contribution and indemnity, however, the initial judgment exonerating a defendant must be timely appealed by a codefendant or never heard. Because Holton failed to timely appeal Wilson's exoneration, we approve the order of the district court mandating Wilson's dismissal from the cause.
It is so ordered.
OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents.