VAN NORTWICK, Judge.
Marketplace Income Properties appeals a final summary judgment entered in favor of codefendant, Wal-Mart Stores, Inc., in a negligence action brought by Sonja Ridenour, the victim of a criminal assault which occurred in a shopping center parking lot comprised of parcels owned separately by Marketplace and Wal-Mart. The trial court granted summary judgment based on its determination that, since Ridenour was assaulted on a portion of the parking lot owned solely by Marketplace, Wal-Mart had no duty to provide security on that area of the parking lot and no duty of care to Ridenour. Because we find that the property development agreement between Marketplace and Wal-Mart creates issues of fact regarding those parties’ joint control of the entire parking lot, we reverse the summary judgment.

Factual and Procedural Background

Wal-Mart and Marketplace own contiguous parcels of property now located within a commercial development in Nassau County known as the Amelia Plaza Shopping Center. On December 19, 1986, Wal-Mart and Marketplace’s predecessor in interest, Lat Purser Company, entered into an Easements with Covenants and Restrictions Affecting Land Agreement (“ECR”) concerning this property. The ECR provides that Wal-Mart and the developer (now Marketplace) desire that their separately owned tracts “be developed in conjunction with each other pursuant to a general plan of improvement” and that the tracts “be subject to the easements and the covenants,” “Common areas” are defined in the ECR as the two parcels owned by Marketplace, and Wal-Mart, except the areas on which buildings are located, and include the shopping center’s parking lot constructed on adjacent portions of the Marketplace and Wal-Mart parcels.
The ECR contains a “Grant of Easements” provision, in which each party grants to the other
a nonexclusive easement over, through and around their respective tracts for roadways, walkways, ingress and egress, parking of motor vehicles, loading and unloading of commercial and other vehicles, and the use of facilities installed for the comfort and convenience of customers, invitees, licensees, tenants and employees of all businesses and occupants of the buildings constructed on the Building Areas ...
Further, it provides that “the primary purpose of the Common Areas ... is to provide for parking for the customers, invitees and employees of those businesses” in the shopping center and that “[a]ll of the activity permitted within the Common Areas shall be used with reason and judgment so as not to interfere with [that] primary purpose.”
Regarding maintenance, the ECR provides that “the parties hereto shall maintain the Common Areas in good condition and repair.” (emphasis supplied). Included within this directive is the joint obligation on the *132 parties to repair and replace such artificial lighting facilities as shall be reasonably required. The ECR permits the parties to mutually agree to the appointment of a third party “as an agent of the parties to maintain the Common Areas in the manner as above outlined.” (emphasis supplied). Although the parties agree to jointly maintain the common areas, in the ECR Wal-Mart and Marketplace are required to pay the maintenance expense, taxes, and assessments relating to their respective parcels within the common areas. The ECR also includes an indemnification provision requiring each owner to indemnify “the other party ... from ... liability ... arising from personal injury ... occurring on or from its own tract, except if caused by the act or negligence of the other party hereto.”
On March 28, 1992 at approximately 8:00 p.m., Sonja Ridenour and her young son arrived at the Amelia Plaza Shopping Center to shop for shoes. She parked her ear in front of the Payless Shoe Store, which is located in the tract owned by Marketplace. Unable to find suitable shoes at Payless, they walked to Wal-Mart, where they bought shoes and other items. They left Wal-Mart at approximately 9:15 p.m., after the store had closed for the evening. According to Ridenour, she was the last customer to leave Wal-Mart. She noticed that in the parking lot (both the portion of the parking lot owned by Wal-Mart and portion owned by Marketplace) lights on each pole had been turned out so that the parking lot was. darker than when she arrived. As she walked through the Wal-Mart portion of the parking lot, her assailants passed her. She continued on to her car located in the portion of the parking lot owned by Marketplace, not noticing that her assailants had turned around behind her and were following her. Upon arriving at her car, and while placing her son in his seat belt, she was accosted by the assailants, one of whom shot her after attempting to steal her purse.
She filed suit against Wal-Mart and Marketplace alleging, among other things, that each was negligent for the failure to provide security personnel and the failure to provide reasonable lighting in the parking lot. Wal-Mart filed a motion for summary judgment, contending it did not own the premises on which the incident occurred and had no responsibility for security in the area of the parking lot in which the incident occurred. The trial court agreed and granted summary judgment in favor of Wal-Mart.

Jurisdiction

At the outset, we address the jurisdictional basis for this appeal by one code-fendant of a summary judgment in favor of another codefendant. We conclude that Marketplace has standing to appeal the instant judgment relating to the liability of its codefendant, Wal-Mart.
In Holton v. H.J. Wilson Co., Inc., 482 So.2d 341, 344 (Fla.1986), the supreme court rejected Belcher v. First Nat’l Bank, 405 So.2d 754 (Fla. 3d DCA 1981), and Mercy Hosp., Inc. v. Marti 408 So.2d 639 (Fla. 3d DCA 1981), and ruled that a defendant has a right to appeal a judgment exonerating a co-defendant as against the plaintiff, because the finding of non-liability to the plaintiff determines any contribution and/or indemnity claims between the alleged tortfeasors on the merits. Following Holton, this court held in U-Haul Co. of East Bay v. Meyer, 586 So.2d 1327, 1331 (Fla. 1st DCA 1991) “that a codefendant in a tort action, not only may, but must, oppose a judgment relieving a codefendant of liability, ■ or lose any future right to contribution from that codefendant.” Specifically, this court explained:
Inherent in the right to oppose a grant of summary judgment to a codefendant is the right of the non-moving codefendant to demonstrate the existence of genuine issue of material fact with regard to the plaintiffs claims against the moving codefend-ant.
Id. Similarly, in the present appeal, Marketplace has demonstrated the existence of genuine issues of material fact with regard to Ridenour’s claims against Wal-Mart.

Joint Contractual Control and Duty of Care

This case presents the issue of whether Wal-Mart owed a duty of care to Sonja Ridenour, even though it did not actually *133 own the property on which she was injured. We conclude that, because under the terms of the ECR Wal-Mart assumed joint control over the maintenance of the common areas of the shopping center, which includes the parking lot where Ridenour was injured, a disputed issue of fact arises concerning whether Wal-Mart owed a duty to Ridenour to take measures to protect her from this criminal assault. Federated Dep’t Stores, Inc. v. Doe, 454 So.2d 10, 13 (Fla. 3d DCA 1984); see also Publix Super Markets, Inc. v. Jeffery, 650 So.2d 122 (Fla. 3d DCA 1995). Both Doe and Jeffery stand for the proposition that, when a party retains control of the parking area under a lease or an agreement, that party also retains the obligation of keeping the parking area reasonably safe for business invitees.
At this point in the proceeding, and on the limited factual record before us, it is not clear who made the decisions regarding maintenance of the subject parking lot. All that is before us is the ECR, which on its face gives joint control over the Common Areas to Wal-Mart and Marketplace. At present, there is no evidence in the record that Marketplace, contrary to the terms of the ECR, exercised sole control over the parking lot. See Jeffery, 650 So.2d at 125.
Further, at this juncture, and upon the record presented to us, this court is only being asked to decide whether the facts and circumstances before us demonstrate a disputed issue of material fact relating to a joint duty of care by Marketplace and Wal-Mart to Ridenour. We have not been asked to determine, and therefore do not decide, the extent of that duty of care, or whether a breach of duty proximately caused injury to Ridenour.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and JOANOS, JJ., concur.