# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-3363
_____

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     Appellant,

     v.

DAVID W. SCHROEDER, as
Personal Representative of the
Estate of Gail S. Schnell, and
SUSANA ALCALA,

     Appellees.

_____


On appeal from the Circuit Court for Taylor County.
Gregory S. Parker, Judge.

April 23, 2025


BILBREY, J.

Allstate appeals the summary final judgment entered for Appellees who were two of Allstate's co-defendants before the trial court. Finding no error, we affirm and write to address an issue concerning evidence of a phantom vehicle.

This case stems from a multi-vehicle collision. Gail S. Schnell owned the third vehicle involved in the crash, and Schnell's vehicle

was driven by Susan Alcala.[1]  Allstate was also a co-defendant and was sued as uninsured motorist carrier by Allstate's insureds who were the plaintiffs in the trial court.[2]  The plaintiffs alleged that a series of rear-end collisions occurred, and their first vehicle was rear-ended by a second vehicle immediately after the second vehicle was rear-ended by Alcala driving the third vehicle.

In support of Appellees' motion for summary judgment, Alcala filed an affidavit stating that she too was rear-ended, in her case by a phantom fourth vehicle.  In her affidavit, Alcala stated that there was nothing she could do to avoid crashing into the vehicle in front of her, which then crashed into the plaintiffs, Allstate's insureds.

Allstate opposed summary judgment and filed a response containing excerpts of the plaintiffs' and other co-defendants' depositions.[3]  In those depositions, the witnesses in general terms

---

[1] Schnell died during the litigation and David W. Schroeder, as personal representative of her estate, was substituted as a party.  Schnell was only alleged to have been liable as owner of the motor vehicle driven by Alcala and was not alleged to have personally committed any act of negligence.  *See Southern Cotton Oil Co. v. Anderson*, 86 So. 629, 631 (Fla. 1920) (applying the dangerous instrumentality doctrine to the owners of automobiles in Florida); *Depriest v. Greeson*, 213 So. 3d 1022. 1027 (Fla. 1st DCA 2017) (explaining the dangerous instrumentality doctrine).

[2] The plaintiffs below did not appeal the summary final judgment entered for Appellees.  Here, Appellees contend that Allstate lacks standing to appeal the summary final judgment.  This is incorrect.  "[A] defendant has a right to appeal a judgment exonerating a co-defendant as against the plaintiff, because the finding of non-liability to the plaintiff determines any contribution and/or indemnity claims. . . ." *Benton Inv. Co. v. Wal-Mart Stores, Inc.*, 704 So. 2d 130 132 (Fla. 1st DCA 1997) (citing *Holton v. H.J. Wilson Co.*, 482 So. 2d 341, 344 (Fla. 1986)).

[3] No party deposed Alcala in an attempt to expose inconsistencies in her testimony.

denied seeing a phantom vehicle, had no recollection of a vehicle passing them immediately after the crash, and discussed the crowded conditions on the road at the time. After hearing argument, the trial court granted summary judgment for Appellees based on Alcala's affidavit.

We review the grant of summary judgment de novo. *See Maddan v. Okaloosa Cnty.,* 358 So. 3d 834, 838 (Fla. 1st DCA 2023). "Summary judgment is not designed to resolve disputed issues of fact. It merely serves to identify whether an issue of fact exists that must be resolved by trial." *CG Tides LLC v. SHEDDF3 VNB, LLC*, 388 So. 3d 1081, 1084–85 (Fla. 3d DCA 2024). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 1085 (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

"Under Florida decisional law, there is a rebuttable presumption of negligence that attaches to the rear driver in a rear-end motor vehicle collision case." *Birge v. Charron*, 107 So. 3d 350, 353 (Fla. 2012). In the trial court, Appellees argued that the driver of the phantom vehicle was negligent under this rebuttable presumption and that there was no evidence of negligence by Alcala.

Because Alcala's affidavit refuted her negligence and placed all blame for the crash on the phantom driver, it was then up to Allstate, other co-defendants, or the plaintiffs to raise material facts to avoid summary judgment. *See Maddan,* 358 So. 3d at 838. In opposing summary judgment, Allstate and the plaintiffs tried to raise a material issue of fact about whether a phantom driver was truly involved in the crash.[4]

---

[4] If they had evidence, the parties opposing summary judgment could have also tried to raise a material issue of fact about either of Appellees' negligence despite the existence of a phantom fourth vehicle that struck the third vehicle driven by Alcala. *See Birge*, 107 So. 3d at 361 ("[W]here evidence is produced from which a jury could conclude that the front driver in a rear-end collision was negligent and comparatively at fault in bringing about the collision, the presumption [of negligence of the last

3

Allstate argues that because the plaintiffs and other codefendants testified in their depositions that they did not see the phantom vehicle an inference existed that there was no phantom vehicle. But for such an inference to be created there needed to be more from these witnesses than just "I did not see a phantom vehicle." As the Florida Supreme Court stated long ago,

> When negative testimony is relied upon to contradict positive evidence, it should appear that the negative statements were made by person whose attention was directed to the fact that they were looking, watching, and listening for the fact. Not only that the opportunity for observing the fact existed, but that their attention was directed to the fact.
>
> . . . .
>
> A mere statement that 'I did not see or hear' the train or the noise made by its approach as against affirmative evidence of credible witnesses that it did approach and made sufficient noise in doing so reasonably to attract the attention of others cannot be said to create a conflict of evidence justifying a submission of the question to the jury.

*Seaboard Air Line Ry. Co. v. Myrick*, 109 So. 193, 195–96 (Fla. 1926) (citations omitted); *see also Tyus v. Apalachicola N. R.R. Co*, 130 So. 2d 580, 584 (Fla. 1961) (citing *Myrick*).

The scant negative testimony of the witness here that "I did not see a phantom vehicle" could not overcome the unequivocal positive statement of Alcala that there was a phantom vehicle. Allstate could have avoided summary judgment for Appellees if there was evidence from a witness that "I looked where I should have been looking and there was nothing to see." *American Motorist Inc. Co. v. Battista*, 370 So. 2d 445, 446 (Fla. 1st DCA

driver] is rebutted and the issues of disputed fact regarding negligence and causation should be submitted to the jury.").

1979). But here, the general statements from the witnesses submitted in opposition to summary judgment did not establish that they would have seen a phantom vehicle had it been present. As a result, the evidence submitted in opposition to summary judgment was insufficient to raise a material issue of fact when the trial court had Alcala's clear statement that she was hit by a phantom vehicle.

AFFIRMED.

M.K. THOMAS and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jennifer L. Aybar of Boyd & Jenerette, P.A., Maitland; Kevin D. Franz of Boyd & Jenerette, P.A., Boca Raton, for Appellant.

Rhonda B. Boggess of Marks Gray, P.A., Jacksonville, for Appellees.