410 So.2d 1377 (1982)
Lorene B. COMBS, et Vir, Appellants,
v.
AETNA INSURANCE COMPANY, Etc., et al., Appellees.
No. 80-1965.
District Court of Appeal of Florida, Fourth District.
March 17, 1982.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellants.
Bradford L. Jefferson of Brennan, McAliley, Hayskar & McAliley, Fort Pierce, for appellee Lavern Quandt d/b/a Villa Capri Restaurant.
DOWNEY, Judge.
Mr. and Mrs. Combs, plaintiffs in a slip and fall action against several defendants, appeal from a final summary judgment in favor of defendant Lavern Quandt, d/b/a Villa Capri Restaurant.
On the evening of February 24, 1978, Mr. and Mrs. Combs drove to Mr. Quandt's restaurant to dine. The restaurant is located along with other businesses in a shopping center. After dining, they left the restaurant at about 7:30 p.m. and started walking toward their car, which was parked in a parking lot that was used in common by all the tenants of the shopping center. Along the way Mrs. Combs fell and suffered serious injuries.
Thereafter, Mrs. Combs and her husband filed a complaint against numerous persons, including the owner of the shopping center and Mr. Quandt. In material part, the complaint alleged that both the owner and Mr. Quandt, who leased the restaurant in question from the owner, were negligent in that they knew or should have known that an elevated divider in the parking lot was not properly marked or lighted, and that they were liable in money damages to Mrs. Combs for her injuries and to Mr. Combs for loss of consortium because they failed to maintain the parking lot in a safe condition and failed to warn of the danger created by the inadequate marking or lighting of the divider.
After filing an answer denying any liability, and after extensive discovery was had, Quandt filed a motion for summary judgment on the ground that, as a matter of law, he could not be liable to Mr. and Mrs. Combs because he had no duty relative to anyone using the parking lot since he was not in control of it. The court granted his *1378 motion and entered final summary judgment for Quandt and against Mr. and Mrs. Combs.
On appeal the Combses assert there were genuine issues of material fact that precluded the entry of final summary judgment in Quandt's favor. They argue that even if Quandt exercised no control over the parking lot, he still had a duty to warn them of the dangerous condition in the parking lot.
Although we hold that the circuit court's implicit summary finding that Quandt exercised no control over the parking lot was correct, we also hold that the entry of final summary judgment was erroneous, since control is not the sole basis for liability in a slip and fall action against a landlord and a tenant. We accept the contention of Mr. and Mrs. Combs that Quandt had a duty to warn them of any dangerous condition in the parking lot if he had actual or constructive knowledge of such a condition. See Monteroso v. Gaudette, 391 N.E.2d 948 (Mass. App. 1979); Hopkins v. F.W. Woolworth Co., 419 N.E.2d 302 (Mass. App. 1981); cf. Roberts v. Tennessee Wesleyan College, 60 Tenn. App. 624, 450 S.W.2d 21 (1969).
Quandt's motion for summary judgment did not address the asserted breach of the alleged duty to warn; thus there still remain for determination genuine issues of material fact surfounding the alleged duty to warn. We therefore reverse the final summary judgment in favor of Quandt and remand the cause for further proceedings.
REVERSED AND REMANDED with directions.
BERANEK and HURLEY, JJ., concur.