518 So.2d 941 (1987)
David S. LEVY and Fay Levy, Appellants,
v.
HOME DEPOT, INC., Appellee.
No. 86-3082.
District Court of Appeal of Florida, Third District.
December 29, 1987.
Rehearing Denied February 8, 1988.
Anderson, Moss, Russo, Gievers & Cohen, P.A., and Don Russo, Miami, for appellants.
Dixon, Dixon, Nicklaus & Valle and William G. Edwards, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The Levys appeal a summary final judgment entered in favor of Home Depot. We reverse because genuine issues of material fact exist which must be resolved by a jury.
David Levy was injured when he stepped into a ten-inch gap in an elevated sidewalk in the parking lot adjacent to the Home Depot store in the Midway Mall. At the time of the accident, he was carrying a large carton which obstructed his view of the sidewalk. The parking lot and its sidewalks were common areas of the mall which, according to the terms of Home Depot's lease, were to be maintained by Midway Mall.
Levy brought a negligence action against Home Depot.[1] The complaint alleged that Home Depot had failed to warn Levy of a dangerous condition of which it knew or should have known, and that it had failed to maintain its premises in a reasonably safe manner. Home Depot moved for summary *942 final judgment on the grounds that: (1) the condition which caused Levy's fall was open and obvious; and (2) it did not have a duty to warn of an open and obvious condition "on adjoining premises not under its control." At the hearing on the motion, Home Depot argued that, even if it had a duty to maintain adjoining premises, it had not breached its duty to warn since the gap in the sidewalk was an open and obvious danger. In opposition, Levy proffered his own affidavit which stated that he was unable to see the sidewalk or the gap because of the carton he was carrying. Levy also relied upon the affidavit of Home Depot's manager who had revealed that, shortly before the date of Levy's accident, he and his staff had inspected the sidewalks adjacent to the store perimeters in order to identify and remedy any safety hazards prior to the store's grand opening. The trial court entered summary final judgment for Home Depot and denied Levy's motion for rehearing.
The trial court erred in granting summary judgment for Home Depot where issues of material fact exist concerning whether Home Depot fulfilled its dual duties to Levy. At the hearing, Home Depot stipulated that Levy was its business invitee. A property owner or occupier has two duties toward invitees: (1) to keep his property in reasonably safe condition and to protect the invitee from dangers of which he is or should be aware; and (2) to warn the invitee of concealed dangers which are or should be known to the owner or occupier and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. Spaulding v. City of Melbourne, 473 So.2d 226, 227 (Fla. 5th DCA 1985); Pittman v. Volusia County, 380 So.2d 1192, 1193 (Fla. 5th DCA 1980).
The fact that Home Depot was not contractually responsible for the maintenance of common areas, such as the sidewalks in the parking lot, is not dispositive of its duty to maintain its premises in a safe condition. Although, in certain situations, a lessee of a store in a shopping center may be absolved of liability for dangerous conditions in common areas which are contractually relegated to the lessor for maintenance, Federated Dept. Stores, Inc. v. Doe, 454 So.2d 10 (Fla. 3d DCA 1984), the rationale for this exception does not pertain to the instant case. In Federated, no warning given by the lessee could have averted the attack upon the plaintiff by criminals in the shopping center parking lot. "The liability of a lessee for a known static dangerous condition under the lessor's exclusive control ... is simply not analogous to the lessee's liability for criminal acts of third parties occurring in an area contractually under the lessor's exclusive control." Id. at 12. The sidewalk in the parking lot in the instant case was a static condition; however, whether the condition of the sidewalk was dangerous is an unresolved issue of fact. Although the parties agree that Home Depot had no actual knowledge of the gap in the sidewalk, the question remains whether in the exercise of reasonable care Home Depot should have known of the danger. The affidavit of Home Depot's manager raised a reasonable inference of a disputed issue of fact concerning the extent of Home Depot's duty to inspect the approaches to the store and the surrounding areas for hidden dangers.
Moreover, "control is not the sole basis for liability in a slip and fall action against a landlord and a tenant." Combs v. Aetna Ins. Co., 410 So.2d 1377, 1378 (Fla. 4th DCA 1982). In Combs, the reviewing court reversed a summary judgment for a lessee restaurant whose patron tripped and fell over an elevated divider in a common parking lot in a shopping center. Despite the fact that the lessee may not have exercised any control over the parking lot, the question of whether the lessee had a duty to warn of the danger had not been resolved. The same problem precludes a summary disposition of the instant case. A business operator's duty regarding the safety of his premises may "extend to the approaches to the premises also." Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666, 667 (Fla. 1st DCA 1974). Accord Burmeister v. American *943 Motorists Ins. Co., 403 So.2d 541, 542 (Fla. 4th DCA 1981). An operator-tenant may possess a duty concurrent with the owner-landlord's to provide reasonably safe premises, including a safe path of egress from the premises. Jackson v. K-Mart Corp., 182 N.J. Super. 645, 442 A.2d 1087, 1090-91 (Law Div. 1981). See City of Pensacola v. Stamm, 448 So.2d 39 (Fla. 1st DCA) (city park lessee liable for percentage of injuries of arts festival patron who fell in hole created by removal of tree where area of accident was immediately adjacent to leased premises and where lessee had participated in maintaining entire park), rev. denied, 456 So.2d 1181 (Fla. 1984).
In any case where the occupier as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example ... where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it.
Prosser & Keeton, The Law of Torts § 61 (5th ed. 1984). Taking the evidence in the light most favorable to Levy as the non-moving party in the summary judgment motion, Holl v. Talcott, 191 So.2d 40 (Fla 1966), the sufficiency of Home Depot's inspections cannot be decided as a matter of law. See Combs.
Even if we could find on this record that Home Depot maintained the safety of its premises, the unresolved question of the "open and obvious" nature of the condition of the sidewalk in the parking lot and Home Depot's concomitant duty to warn precluded summary judgment. Levy's affidavit that his vision was obscured by the carton he was carrying was not controverted by Home Depot. Thus, a jury question was created, requiring a factual finding regarding the open and obvious danger question. See Rodgers v. Miami Dolphins Ltd., 469 So.2d 852, 853 (Fla. 3d DCA) (Hendry, J., dissenting) (summary judgment for lessee-football team improper where duty to warn question unanswered), rev. dismissed, 475 So.2d 695 (Fla. 1985); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla.3d DCA) (slippery algae condition on boat launching ramp not so open and obvious as to relieve defendant of liability), rev. denied, 389 So.2d 1113 (Fla. 1980). But cf. Prager v. Marks Bros. Co., 483 So.2d 881 (Fla. 3d DCA 1986) (unfinished flower box along curb of sidewalk did not represent dangerous condition for which warning was necessary).
For the reasons stated, we reverse the summary final judgment in favor of Home Depot and remand for further proceedings.
NOTES
[1] Levy also named Midway Mall as a defendant. The parties ultimately reached a settlement agreement.