JORGENSON, Judge.
Northbrook Property and Casualty Company appeals from a final summary judgment denying recovery of attorney’s fees in an indemnity action. We affirm.
Home Depot leased premises from Midway Mall, and was insured by Northbrook for damages arising from bodily injury and property damage at its store. The lease between Midway Mall and Home Depot provided that “[Ljandlord and Tenant agree to indemnify and hold each other harmless from and against any and all claims, damages or causes of action for damages brought on account of injury to any person or persons or property, or loss of life, arising out of the use, operation, or maintenance of the Shopping Center by the Landlord and the Premises by the Tenant, respectively.” Pursuant to the terms of the lease, the Mall was responsible for maintaining the common areas, including the parking lot.
In 1985, David Levy, a customer of Home Depot, fell into a ten-inch gap in the elevated sidewalk in the parking lot adjacent to Home Depot. He sued both the Mall and Home Depot for personal injuries. R.L.I. Insurance Company undertook the defense of its insured, the Mall, and settled with Levy. The trial court granted summary judgment for Home Depot. We reversed, holding that even though the Mall was contractually responsible for maintaining the Mali’s common areas, there remained questions of fact as to whether Home Depot had breached its legal duty to inspect the premises surrounding its store and maintain them in a safe condition, and whether Home Depot should have known of the danger and warned its customer. Levy v. Home Depot, Inc., 518 So.2d 941 (Fla. 3d DCA 1987). The litigation on behalf of Home Depot was conducted by its insurer, Northbrook. Not until 1988, when the case was remanded to the Circuit Court for trial, did Home Depot tender its defense to City National Bank of Miami, the trustee for Midway Mall, and ask City National to defend it pursuant to the indemnification clause in the lease. By this time, the Levy suit had been pending for two and one-half years. City National undertook Home Depot’s defense, and settled the claim for $6,000. Neither Home Depot nor Northbrook, its insurer, contributed to the settlement. It is significant that neither party’s actual liability was ever determined, as Levy settled his claims against both the Mall and Home Depot.
Northbrook instituted this action seeking indemnification for $15,000 in attorney’s fees and costs it incurred on behalf of Home Depot during the two-and-one-half years prior to its tender of defense to City National. Northbrook’s claim for indemni *1028 fication was based upon the terms of Home Depot’s lease with the Mall, whereby the Mall agreed to indemnify Home Depot for damages arising from the Mall’s operation of the shopping center. The parties moved for summary judgment; the trial court entered summary judgment in favor of City National and the Mall’s insurer.
We affirm. It is generally true that recovery of legal expenses is a proper component of an indemnity claim. See American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979); see generally, Wetherington, Tort Indemnity in Florida, 8 Fla.St.U.L.Rev. 383, 424-427 (1980). However, that general rule does not apply here. During the two and one-half years that Northbrook conducted a defense on behalf of its insured, Home Depot, without tendering its defense to the Mall, the issues litigated concerned both Home Depot’s own liability arising from its alleged breach of various duties, and the Mall’s failure to maintain the common areas. See Levy v. Home Depot, 518 So.2d 941. Home Depot’s potential liability arose from its legal duty to inspect “the approaches to the store and the surrounding areas for hidden dangers”, Id. at 942; the Mall’s potential liability arose from its duty to operate and maintain those same areas, which were, by the terms of the lease, under its control. Northbrook had a contractual duty under its insurance policy with Home Depot to defend its insured, and was thus the proper party to defend against Levy’s claims that were premised upon Home Depot’s own wrongdoing. Even though Home Depot and the Mall were both defendants in the same suit, Northbrook, Home Depot’s insurer, did not invoke the indemnification clause of the lease or tender its defense until two and one-half years into the litigation. Because the action was brought against both the indemnitor and the indemnitee, and neither the degree of fault nor the liability of either party was ever determined, “it would be patently impossible with any degree of certainty to allocate the attorney fees incurred between the two issues involved in the suit.” See Sun Indemnity Co. of New York v. Landis, 119 Colo. 191, 194, 201 P.2d 602, 604 (1948) (where both indemnitor and indemnitee defendants in same action, attorney’s fees for indemnitee not recoverable). Denial of fees in this case is particularly appropriate, as Home Depot did not involve its indemnitor in its conduct of the litigation until two and one-half years after the suit was filed, and this court had held that Home Depot was potentially liable for failing to inspect and maintain common areas.[1] “[A] potential indemnitor should be given every opportunity to defend the main action.” Bothmann v. Harrington, 458 So.2d 1163, 1167 (Fla. 3d DCA 1984). But see Ireland v. Linn County Bank, 103 Kan. 618, 176 P. 103 (1918) (indemnitor may be held liable for indemnitee’s attorney’s fees even if indemnitee fails to give notice of the suit); see generally, 41 Am. Jur.2d Indemnity § 36 (1968).
For the foregoing reasons, the final summary judgment against Northbrook is affirmed.
BASKIN, J., concurs.

. This entire dispute over Home Depot’s entitlement to fees for its conduct of the litigation for the two and one-half years could have been avoided if Home Depot had filed a crossclaim against the Mall or if it, or its insurer, had tendered its defense to the Mall as soon as Levy filed suit. The Mall’s trustee, City National, promptly settled with Levy on behalf of Home Depot once Home Depot tendered its defense in 1988.