650 So.2d 122 (1995)
PUBLIX SUPER MARKETS, INC., Appellant,
v.
Timothy JEFFERY and Diana Jeffery, Appellees.
No. 93-2354.
District Court of Appeal of Florida, Third District.
February 1, 1995.
*123 Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and William M. Douberley, Miami, for appellant.
Leesfield, Leighton, Rubio & Hillencamp, Miami and Robert S. Glazier, Coconut Grove, for appellees.
Before SCHWARTZ, C.J., and HUBBART, and COPE, JJ.
HUBBART, Judge.
This is an appeal by the defendant Publix Super Markets, Inc. from a final judgment entered upon an adverse jury verdict in a premises liability action for negligent failure to protect against a criminal assault by a third party. The defendant contends that the trial court erred in denying its motion for directed verdict at trial based on our controlling decision in Federated Department Stores, Inc. v. Doe, 454 So.2d 10 (Fla. 3d DCA 1984). We entirely agree and reverse.

I
The relevant facts of this case are as follows. On April 30, 1991, Frances Kaye, an 87-year-old woman, was walking across a parking lot which adjoins the Publix Super Market in the Aventura Neighborhood Shopping Center in north Dade County, Florida, when she was attacked by a criminal assailant who snatched her purse. The plaintiff Timothy Jeffery was working nearby on the parking lot's sprinkler system; he heard Mrs. Kaye's cries for help and, along with a coworker, ran after the thief who fled into a waiting pickup truck which had tinted windows. The plaintiff Jeffery pounded on the window of the driver's side of the vehicle and was thereupon shot in the chest by an occupant of the vehicle and suffered substantial injuries.
The plaintiff Jeffery and his wife Diana brought a premises liability negligence action against (1) the defendant Taire Corporation, which owns the Aventura Neighborhood Shopping Center; (2) the defendants Plaza Realty and Kasler Realty and Investment Corporation, which operate this shopping center; and (3) the defendant Publix Super Markets, Inc. [Publix], which leases a store in the shopping center. The gravamen of this action was that the defendants breached a duty of due care owed to the plaintiff as the rescuer of a criminally attacked patron of the shopping center, in that the defendants failed to provide security guards in the parking lot to protect against criminal assaults by third parties. Evidence was adduced below indicating that the instant criminal attack was entirely foreseeable; in the four years prior to this incident there had been nineteen strong-arm robberies at the Aventura Neighborhood Shopping Center parking lot, twelve of which occurred in the parking lot adjoining Publix. Ned Kasler, the real estate broker who managed the shopping center, was apprised of some of these incidents, but concluded that the incidents were not frequent enough for the shopping center to hire security guards.
The case went to trial solely against the defendant Publix; the other three defendants settled with the plaintiffs prior to trial. The central defense raised by Publix at trial was that it owed no duty to the plaintiff Timothy Jeffery to hire security guards to protect shopping center patrons and their rescuers from criminal attacks in the parking lot where the subject incident took place, that this duty was owed exclusively by the owner-landlord and the manager of the shopping center because the attack occurred in a common area of the shopping center which was not leased to Publix. In support of this position, Publix pointed to a provision in its *124 lease with the Taire Corporation which states that the common areas of the shopping center, including the parking lot where this incident took place, were to be maintained by the Taire Corporation and that Publix was obligated to pay Taire for the costs of this maintenance.[1] Such maintenance includes, it is urged, the duty to provide security guards in the common areas when, as here, it is reasonably foreseeable that shopping center patrons and their rescuers may be attacked therein.
The plaintiffs countered that although Publix did not lease the subject parking lot and Taire Corporation was obligated to provide security guards in said lot, Publix nonetheless had a concurrent duty to do the same. In support of this position, the plaintiffs argued that (a) Publix controlled the parking lot where the instant attack took place; and (b) the subject lot adjoined the Publix store and was used by Publix business invitees.
At trial, Publix moved for a directed verdict based, inter alia, on the ground that, as a matter of law, it owed no duty to hire security guards in the parking lot where the plaintiff was injured. The trial court denied the motion; Publix appeals.

II

A
We conclude that Federated Department Stores, Inc. v. Doe, 454 So.2d 10 (Fla. 3d DCA 1984), directly controls the instant case. It establishes the legal proposition that where, as here, the owner of a commercial shopping center leases parts of the center to several commercial tenants, but retains the sole responsibility under the lease of maintaining the common areas [including the parking lot used by business invitees of the various tenants]  the obligation of keeping the parking lot safe for such invitees against criminal attacks by third parties is generally imposed on the owner and not the tenant. In the Federated case, this court concluded that the owner of a shopping center which exclusively maintained the shopping center parking lot under the lease was solely responsible for an otherwise reasonably foreseeable criminal attack by a third party in the lot upon a patron of the shopping center; the tenant, however, was not responsible for such an attack, even though the subject parking lot adjoined the tenant's business premises and the patron was otherwise a business invitee of the tenant. Accordingly, we upheld a judgment based on a jury verdict for the plaintiff patron against the shopping center owner, but reversed a similar judgment entered against the shopping center tenant. We stated:
"We do agree with and adopt the law and reasoning of the court in Morgan v. Bucks Associates, 428 F. Supp. 546 (E.D.Penn. 1977), regarding a lessee's liability for third party criminal attacks on invitees occurring in an area exclusively controlled by the lessor. The plaintiff in Morgan was an employee of a store located in a shopping center and was assaulted by a third party as she was walking to her car in the shopping center parking lot. The trial court granted the motion for directed verdict made by the plaintiff's employer, a lessee in the shopping center. The court denied the shopping center's motion for a new trial following an adverse jury verdict and stated that
`where the owner of real estate leases parts thereof to several tenants, but retains control of the common areas which are to be used by the business invitees of the various tenants, the obligation of keeping the common areas safe for such business invitees is imposed upon the landlord and not upon the tenants, in the absence of a contrary provision in the leases [citation omitted].'"
Federated, 454 So.2d at 12.
Moreover, we specifically rejected the argument that the shopping center tenant *125 had a duty to warn its business invitees about potential criminal attacks in the parking lot exclusively maintained by the shopping center owner. In particular, we rejected the applicability of Combs v. Aetna Insurance Co., 410 So.2d 1377 (Fla. 4th DCA 1982), which held that a restaurant owner-tenant of a shopping center had a duty to warn its business invitees of a known dangerous, but static, condition in the adjoining parking lot maintained exclusively by the shopping center owner, namely, an improperly marked and lighted elevated divider over which the plaintiff tripped and fell. We stated:
"We have no difficulty in distinguishing the facts of Combs from those in the case sub judice. The liability of a lessee for a known static dangerous condition under the lessor's exclusive control, such as the parking lot divider, is simply not analogous to the lessee's liability for criminal acts of third parties occurring in an area contractually under the lessor's exclusive control. A warning posted in Burdines' entranceway or anywhere on Burdines' property would not have prevented the tragic events which occurred in the parking garage controlled by Equity. Under the lease between Equity and Burdines, admitted into evidence at trial, Burdines is required to pay Equity `as additional rent ... that proportion of the total actual costs to Lessor of maintaining ... the parking area of the shopping center.'"
454 So.2d at 12. We have since reaffirmed the holding of Federated as the controlling law in cases of this nature. Levy v. Home Depot, Inc., 518 So.2d 941, 942 (Fla. 3d DCA 1987); Rodgers v. Miami Dolphins, Ltd., 469 So.2d 852, 854 n. 1 (Fla. 3d DCA), rev. dismissed, 475 So.2d 695 (Fla. 1985); see also Diaz v. Southeast Bank, N.A., 595 So.2d 228, 229 (Fla. 3d DCA 1992).
In the instant case, as in Federated, we deal with (1) a criminal attack by a third party against a shopping center patron in a parking lot adjoining the leased premises of a tenant of a shopping center, and (2) a lease between a shopping center owner and a tenant which places the exclusive duty of maintaining the common areas of the shopping center, including the shopping center parking lots, on the shopping center owner, with the costs of such maintenance paid by the tenant. Accordingly, it follows that the defendant tenant in the instant case, as in Federated, had no duty to provide security guards to patrol the common area parking lots or to warn its patrons of criminal attacks in the lot, as this was the exclusive responsibility of the shopping center owner.
Arguably, a different case would be presented if Publix had, in fact, operated and maintained the subject parking lot, contrary to the provisions of its lease with the shopping center owner. It is well settled that a possessor of land which is held open to the public for business purposes has a duty to use reasonable care to prevent harm to its invitees resulting from the intentional attacks of third parties, Prosser and Keeton on Torts § 61, at 425 (5th ed. 1984); Restatement (Second) of Torts § 344 (1965); a possessor of land in this context is "a person who is in occupation of the land with intent to control it," Restatement (Second) of Torts § 328 E (1965). Contrary to the plaintiffs' argument, however, there was utterly no evidence adduced at trial that Publix, in violation of the lease, in fact possessed the subject parking lot by occupying same with intent to control it. The shopping center owner  not Publix  painted, striped, illuminated, and generally maintained the parking lot in accord with lease provisions. Publix's bag carriers only used the lot to transport groceries to its patrons' vehicles, but had no authority to exclude anyone from the premises because that authority was exclusively reserved to the shopping center owner. We recognize that on two days for special events in the past Publix did, in fact, hire security guards for the lot, but plainly Publix was acting as a volunteer for the shopping center on these occasions and in no sense assumed permanent, on-going control of the lot. Indeed, the record in Federated shows that the tenant's employees regularly used the parking lot to park in a designated area, and that the tenant employed a driver with a scooter to transport these employees to their designated parking spaces. This limited use of the parking lot, however, did not change the *126 result in Federated  and, similarly, Publix's limited use of the parking lot herein cannot change the result in the instant case. As in Federated, it was the shopping center owner, not the tenant, who maintained and controlled the subject parking lot in accord with the provisions of the lease  and, accordingly, only the shopping center owner, not the tenant, is liable for lack of proper security in the lot.

III
Based on the above-stated analysis, we conclude that the trial court erred in denying Publix's motion for a directed verdict at trial. We have not overlooked the plaintiffs' contrary legal analysis, but are not persuaded thereby. Moreover, we do not reach the other points raised on appeal by Publix  including whether the rescue doctrine is applicable when, as here, the plaintiff-rescuer attempts to recover property stolen from the victim  and we express no views thereon.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the defendant Publix in this cause.
Reversed and remanded.
NOTES
[1] The lease between Taire and Publix provides the following:

"SECTION 27: MAINTENANCE OF COMMON AREAS: It shall be the responsibility of the Landlord to maintain the common areas, and the parking lots, of the shopping center. Tenant agrees to pay to Landlord a sum equal to ten (10) cents per year for each square foot of floor space contained in the demised premises, for maintenance of the common areas and parking lots of said shopping center.
[Defendant's Exhibit A]."