COPE, J.
(specially concurring).
For lack of a better term, I would describe the furniture on which plaintiff fell as a “cantilevered” end table. The photographs show it to be a legless end table which is physically bolted to the end of a long couch. This gives the end table the appearance of floating in midair, approximately sixteen inches off the floor. From the angle at which the plaintiff approached the table, the table surface appears to blend into the floor.
This piece of furniture would be perfectly satisfactory when positioned so that the “floating” table is positioned in a corner or between pieces of furniture. In this case, however, the hospital had positioned the “floating” end table immediately adjacent to the hospital’s main entrance. I do not agree with the majority opinion that the end table literally obstructed the entry door, because the end table is placed just to one side. However, when walking across the waiting room in a diagonal path toward the front door, the end table is in the most direct line of travel. In view of the table’s low height, lack of legs and lack of any objects on the table, there is no visual barrier to call attention to the table. Because of its unique design and tendency to blend into the floor, I concur that there is a triable issue on whether this particular placement of the “floating” end table created a hazard.
While the hospital contends that the end table was open and obvious, there is under the circumstances of this case an issue over whether the table could truly be considered obvious. See McCarthy v. Garcia Menendez Enters. Inc., 693 So.2d 75, 76 (Fla. 3d DCA 1997) (concurring opinion); Levy v. Home Depot, Inc., 518 So.2d 941, 943 (Fla. 3d DCA 1987); Restatement (Second) of Torts § 343A(1) & cmt. b, f (1965). I concur that the summary judgment must be reversed.