ANTOON, C.J.
The issue raised in this premises liability-case is whether liability for injuries inflicted on leased property can be extended to the landlord of the property when the landlord has the authority to terminate the tenant’s month to month lease. We conclude that such authority does not constitute sufficient control over the leased premises for purposes of imposing liability. Accordingly, we affirm the summary final judgment entered by the trial court in favor of the landlord in this case.
Timothy Patterson was a patron of the Dixie Doodle Lounge when he was fatally shot by another Dixie Doodle patron. The Dixie Doodle Lounge was located on property owned by Suncharm Ranch, Inc., and leased on a month-to-month basis to Larry Simmons.
After the shooting Teresa Brown, as the personal representative of Mr. Patterson’s estate, sued Suncharm Ranch, Kenneth G. McCall (Suncharm’s president and manager), and Larry Simmons, alleging that they had breached their duty to protect Mr. Patterson. Suncharm moved for summary judgment, arguing that liability could not be imposed upon Suncharm because at the time of the shooting Mr. Simmons had sole control over the leased premises. The trial court entered summary judgment in favor of Suncharm from which Ms. Brown now appeals.
The duty to protect others from injury resulting from a dangerous condition on a premises rests on the party who has the right to control access by third parties to the premises, be it the owner, an agent, or a lessee of the property. See Bovis v. 7-Eleven, Inc., 505 So.2d 661, 662 (Fla. 5th DCA 1987). In cases like this, where the facts involve a leased premises, the extent of responsibility for injuries occurring on the leased premises during the term of the lease depends upon the extent the owner of the property maintains control over the premises. See Craig v. Gate Maritime Properties, Inc., 681 So.2d 875, 377 (Fla. 1st DCA 1994). For instance, if a lessor completely surrenders both possession and control of the premises to a lessee, the lessor will not be held liable for injuries sustained by third parties while on the premises since the duty to protect third persons from injuries on the premises rests on the party who has the right of possession, custody, and control of the premises. See Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12, 14 (Fla. 1st DCA 1996), approved, 705 So.2d 560 (Fla.1997). In contrast, where the owner of commercial property leases part of the property to tenants while at the same time retaining the sole responsibility under the lease to maintain the common areas, including the parking lot, the obligation of keeping the parking lot safe against criminal attacks by third parties is imposed on the owner, not the tenant. See Publix Super Markets, Inc., v. Jeffery, 650 So.2d 122, 124 (Fla. 3d DCA 1995). Here, the parties had an oral month-to-month lease. The landlord and tenant both agree that the tenant, Mr. Simmons, was in complete control of the operation of the lounge. The only control that Suncharm had was the right to terminate the lease upon fifteen days’ notice. In his deposition, Mr. McCall denied that he had any control over the premises, stating that “when I lease a piece of property to somebody, he is the sole, you know, determiner of what he does there as long as he operates within the legal limits of the law. I can’t tell him what to do, what not to do.” In his deposition, Mr. Simmons, confirmed Mr. McCall’s description of their business relationship, stating that he alone maintained the lounge. Mr. Simmons further described the relationship by stating that no employee of Suncharm had ever spoken to him regarding security in the lounge because he alone controlled it.
In addition to this deposition testimony, Ms. Brown submitted the affidavit of a professor of criminology. The professor opined that, by virtue of Suncharm’s right to terminate the lease upon fifteen days’ notice, Suncharm maintained control of the *1079 premises. This opinion frames the issue raised in this case: Whether a landlord’s authority to terminate a lease constitutes control for purposes of premises liability. If we were to accept the suggestion that the determination of control of the premises turns upon the length of a lease, we would be treading on a slippery slope because the result of such an approach would be that, in some cases, a landlord could be held responsible for negligence of the tenant as a matter of law. Such an approach would place landlords in the untenable position of having to retain and manage the premises leased. Accordingly, we refuse to extend liability for injuries inflicted on leased property to the landlord of the property when the landlord has the authority to terminate the tenant’s month-to-month lease because such authority does not constitute sufficient control over the leased premises for purposes of imposing liability.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.