ON MOTION FOR REHEARING AND CLARIFICATION AND ALTERNATIVE MOTIONS FOR CERTIFICATION AND FOR REHEARING EN BANC
BROWNING, J.
Appellee seeks relief by Motion for Rehearing and Clarification and Alternative Motions for Certification and for Rehearing En Banc. We deny all of Appellee’s motions, except its Motion for Clarification, which we grant, and we withdraw our former opinion of July 5, 2005, and substitute the following opinion in its place.
The trial court concluded that Appellee did not owe a duty of care to Appellant and entered summary judgment in Appel-lee’s favor on Appellant’s personal injury claim seeking damages arising from his grievous injuries. Appellant argues that the trial court reversibly erred; we agree and reverse.

Background & Facts

Appellant suffered injury from a physical altercation with an undetermined assailant at the “Bushwacker” Festival (“Festival”) sponsored by Appellee. He sought damages for such injuries from Ap-pellee and others. The Festival is a “good-time event” featuring food and libations and showpiecing an alcoholic beverage named “Bushwacker” that provides the Festival’s name. While attending the Festival, Appellant became embroiled in an altercation with another person on Santa Rosa Island Authority’s (SRIA) boardwalk, which spilled over into SRIA’s parking lot, where Appellant was slugged by an undetermined person. Appellant was knocked down by the blow and struck his head on the parking lot pavement, resulting in his paralysis. He seeks damages for these injuries.
Appellee is SRIA’s lessee. At times other than during the Festival, SRIA has exclusive control of the parking lot where Appellant was injured. Because the Festival requires more space and security, and draws an extraordinary number of invitees, SRIA required Appellee to sign a temporary-use agreement. Such agree *879 ment permitted Appellee to use its “public facilities” and required Appellee to be responsible for, and fully compensate, the additional security personnel prescribed by the Escambia County Sheriffs Department and furnished by off-duty deputy sheriffs to augment their incomes.
The temporary-use agreement does not define “public facilities”; however, the permanent lease between Appellee and SRIA defines it as follows:
The term “public facilities” or “public portions” or “public areas” as used in this lease agreement shall refer to those portions of the demised premises which are open to the public on a regular non-fee basis and which do not contribute income to the Lessee, its sublessors or assigns. All public rest room facilities, public picnic areas, the amphitheater, board walk, beach front and dock and parking areas shall be deemed, “public facilities. ”
(Emphasis added.) Furthermore, Mary Bolman, SRIA’s manager in charge of leasing, testified in deposition that the temporary-use agreement gave Appellee the right to place beverage and food stands on the parking lot and to use it as a staging area for bands, etc., as well as for use by Appellee’s invitees attending the Festival.
Appellant maintains that Appellee owed to him a legal duty of care as Appellee’s invitee to the Festival, because Appellee created a foreseeable zone of risk by hosting the Festival and breached that duty by not providing adequate provision of security for the Festival. Further, Appellant alleges that Appellee, as a temporary lessee (entitled to, and exercising, control over SRIA’s parking lot during the Festival), owed Appellant a legal duty of care. After extensive discovery, Appellee renewed its previously denied motion for summary judgment, and the trial court agreed. The trial court reasoned:
Additionally, the record evidence establishes that the Santa Rosa Island Authority (SRIA) retained exclusive control over the parking lot. There is no record evidence that the SRIA surrendered control of the parking lot or that defendant assumed permanent, on-going control of the parking lot. As such, Defendant owed no duty of care to Plaintiff in the parking lot. Federated Dept. Stores v. Doe, 454 So.2d 10 (Fla. 3rd DCA 1984). See also Publix Super Markets v. Jeffery, 650 So.2d 122 (Fla. 3rd DCA 1995).

Analysis

The standards for entry of a summary judgment are well-known and will not be repeated. See Moultrie v. Consol. Stores Int’l Corp., 764 So.2d 637 (Fla. 1st DCA 2000).
Whether Appellee owed a duty of care to Appellant requires a review of the test for determining the existence of a legal duty in a negligence action. The principal case is McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), in which the Florida Supreme Court held that a legal duty is created when a defendant’s conduct creates a foreseeable zone of risk of harm to others. See id. at 503. This principle has been applied to bar owners, making them liable for foreseeable harm precipitated by third persons on invitees, both on the premises and off. See Stevens v. Jefferson, 436 So.2d 33 (Fla.1983); Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991). Of course, the risk of harm must be foreseeable, and whether the duty is breached varies with the facts and circumstances of each case.
Applying these principles to the record facts here, we conclude that the *880 entry of summary judgment was inappropriate. The Festival is based upon drinking and revelry, which create large crowds and, based upon Festival history and human nature, create an abnormal number of fights and unruly conduct. That Appellee is aware of these risks is clear; the temporary-use agreement provides for additional insurance to cover SRIA’s potential liability and additional security, to be provided at Appellee’s .expense. These circumstances create genuine issues of material fact as to the existence of, and breach of, a duty of care owed by Appellee to Appellant for injuries arising out of inadequate Festival security.
Moreover, a lessee of a parking lot owes a concurrent duty with its lessor to provide a reasonably safe premises as a specific part of the zone of risk consideration. See Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12 (Fla. 1st DCA 1996). Here, Ap-pellee, under the temporary-use agreement, secured the right, albeit temporary, to use and control SRIA’s parking lot. Appellee cannot avoid its legal duty of care to its invitees under McDonald simply because the use and control were not permanent, as determined by the trial judge. A duty of care is owed by the lessee to invitees under McDonald, whether the control is temporary or permanent.
Appellee argues that it did not control the parking lot under the temporary-use agreement and, therefore, owes no duty of care to Appellant; however, that argument cannot be resolved on summary judgment. The definition of “public facilities” adopted in Appellee’s permanent lease with SRIA includes the parking lot, and SRIA’s general manager in charge of leasing testified that the temporary-use agreement included the parking lot. How this issue may be resolved as this proceeding progresses cannot be determined now, and summary judgment on that issue is inappropriate.
Nor can the trial judge’s ruling be sustained on the authority of Publix Super Markets, Inc., v. Jeffery, 650 So.2d 122 (Fla. 3rd DCA 1995); and Federated Dep’t Stores, Inc. v. Doe, 454 So.2d 10 (Fla. 3rd DCA 1984), as argued by Appellee. These cases are substantially distinguishable. In neither case is a risk factor presented, as is the case here. The Publix and Federated parking lots were for general mall customers, and not for a festival that historically produced a large crowd and occurrences of unruly conduct. Moreover, there was no question of joint control, either permanent or temporary, of the parking areas involved in those situations at the time of the assaults, as we have here under the temporary-use agreement. For these reasons, we conclude Publix and Federated are not controlling.
Accordingly, we REVERSE and REMAND for further proceedings.
WEBSTER, J., concurs.
BARFIELD, J. dissents with opinion.