SILBERMAN, Chief Judge.
Vickie Jones seeks review of the final summary judgment in favor of Basha, Inc., d/b/a Central Food Market in this premises liability action. Jones argues that the trial court erred in granting final summary judgment because there were genuine issues of material fact regarding whether Basha had responsibility for providing reasonable security at Central Food Market. However, there was no evidence to suggest that Basha exercised any control over the premises and public access to it. Therefore, we conclude that the trial court did not err in granting final summary judgment in favor of Basha and affirm.
*916 On July 3, 2000, Jones was the victim of an attempted carjacking outside a convenience store known as Central Food Market. Jones filed a premises liability action against Basha, whom she alleged was the owner of the store and surrounding property. Basha moved for summary judgment, arguing that it had sold the store to Becker Enterprises, Inc., had no involvement or control over the management or operation of the store, and therefore had no duty to ensure security at the store.
In support of its motion, Basha filed the deposition and affidavit of Ghazi Habbas, the president of Basha. Habbas asserted that while he, through Basha, owned the building housing the store, he had sold Central Food Market to Becker Enterprises in 1997. He claimed that after the sale, neither he nor Basha had any control over Central Food Market or its business. Ba-sha also filed the deposition of Becker Nafel, the president of Becker Enterprises, who confirmed that Basha had sold Central Food Market to him in 1997. Naf-el explained that he ran the day-to-day business of Central Food Market and was responsible for maintaining the premises.
Basha filed the sales agreement and corresponding security agreement and promissory note, all of which memorialized the sale of Central. Food Market to Becker. In conjunction with the sale of Central Food Market, Basha and Becker entered into a lease agreement in which Basha leased the property to Becker for a five-year renewable term. The lease agreement, which Basha also filed in support of its motion for summary judgment, did not contain any specific language regarding the provision of security at Central Food Market. However, it placed the responsibility for maintaining the premises and using it in a careful and proper manner exclusively on Becker. Additionally, it required Becker to maintain a comprehensive public liability insurance policy and to defend, hold harmless, and indemnify Ba-sha from all liabilities, losses, and damages arising from Becker’s use of the premises.
The trial court granted final summary judgment in favor of Basha. In this appeal of the judgment, Jones argues that there were genuine issues of material fact as to whether Basha had responsibility for providing reasonable security at Central Food Market. In support of her argument, Jones points to the following: (1) the lease is silent regarding the duty to provide a reasonably safe premises; (2) Basha procured an insurance policy on the building and premises; and (3) Habbas kept in contact with Nafel.
It is generally the court’s responsibility to determine as a matter of law the question of whether a duty exists. Williams v. Davis, 974 So.2d 1052, 1056-57 n. 2 (Fla.2007). In moving for summary judgment, the movant bears the burden of proving the nonexistence of genuine issues of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). However, once the movant meets this burden, then the burden shifts to the opposing party to present evidence to reveal a genuine issue of material fact. Id. at 43-44.
A landlord and a tenant can have concurrent duties to provide a reasonably safe premises. Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12, 15 (Fla. 1st DCA 1996), approved on other grounds, Merrill Crossings Assocs. v. McDonald, 705 So.2d 560 (Fla.1997). However, the question for the court is whether the landlord exercised some control over the premises and public access to it. Id.; see also Brown v. Suncharm Ranch, Inc., 748 So.2d 1077, 1078 (Fla. 5th DCA 1999); Publix Super Markets, Inc. v. Jeffery, 650 So.2d 122, 124 (Fla. 3d DCA 1995). If the landlord surrenders possession and control over the leased premises to the tenant, the landlord *917 is not liable for injury to a third party that occurs on the premises. Brown, 748 So.2d at 1078; Wal-Mart, 676 So.2d at 14.
Jones has not pointed to any evidence establishing a question of fact regarding whether Basha maintained any control over Central Food Market. To the contrary, Habbas testified that neither he nor Basha had any control over the operation of Central Food Market, and Nafel testified that he ran Central Food Market’s daily operations and was responsible for maintaining the premises. The fact that the lease did not specifically address security or responsibility for maintaining a safe premises does not create an issue of fact because the record establishes that Becker had this responsibility. Similarly, the fact that Basha maintained its own insurance policy on the building and premises does not create an issue of fact because the policy does not establish that Basha had control over the premises or public access to it. The lease agreement expressly requires Becker to maintain liability insurance, including for injuries or damages arising from Becker’s use of the premises. Finally, the fact that Habbas kept in contact with Nafel does not create an issue of fact because there was no evidence any of this contact was for the purpose of Habbas’s exercising control over the premises.
Accordingly, the trial court did not err in granting final summary judgment in favor of Basha.
Affirmed.
MORRIS and BLACK, JJ., Concur.