LAWSON, J.,
specially concurring.
I agree that a disputed issue of material fact exists with regard to whether the painted-over skylight was a latent defect. See, e.g., Pep Boys-Manny, Moe & Jack, Inc. v. Four Seasons Commercial Maint., Inc., 891 So.2d 1160, 1161 (Fla. 4th DCA 2005) (“Where a jury could find from the evidence that a defect is latent, summary judgment should not be entered.” (citation omitted)). Appellees argue that the nature of the defect was patent because the injured contractor could have discovered it had he exercised reasonable care. See, e.g., Kala Invs., Inc. v. Sklar, 538 So.2d 909, 913 (Fla. 3d DCA 1989) (“[T]he test for patency, in not whether the object itself ... was obvious ..., but whether the defective nature of the object was obvious ... with the exercise of reasonable care.” (citation omitted)). However, there is evidence on this point that appears to support Appellants. For example, a co-worker of the injured contractor testified in deposition that he had been hired to paint thousands of roofs over his thirty-year career without ever once encountering a skylight painted over to blend in with the surround *328 ing roof like the one onto which his coworker stepped on the day of the injury. The evidence also strongly suggests that the dangerous condition was unlikely to be noticed by anyone who did not know to look for it.
I also agree with the majority’s decision to affirm the summary judgments for Fischer, Republic and American Manufacturing on grounds that they did not “control” the premises because the record demonstrates no issue of disputed material fact as to the issue. Finally, I agree with the majority that because Buckner did not seek summary judgment on this issue, we should not address it on this record. Doing so would deprive Appellants of any opportunity to place evidence that could bear on the issue before the trial court. I write separately, however, to briefly address the “control” issue as it relates to Buckner and the other Appellees. I do so, in part, because the briefs in this case reflect confusion over the legal concept of “control” as it relates to a premises liability cause of action.
As explained by the majority: “The crux of a cause of action for premises liability is not the ownership of the premises, but the failure of the possessor of the premises to use due care (negligence) in permitting licensees and invitees to come, unwarned, to an area where, foreseeably, they may be injured by a dangerous condition which to them is not readily apparent.” Bovis v. 7-Eleven, Inc., 505 So.2d 661, 663 (Fla. 5th DCA 1987) (footnotes omitted). As such, “[t]he duty to protect others from injury resulting from a dangerous condition on a premises rests on the party who has the right to control access by third parties to the premises, be it the owner, an agent, or a lessee of the property.” Brown v. Suncharm Ranch, Inc., 748 So.2d 1077, 1078 (Fla. 5th DCA 1999) (citing Bovis) (emphasis added). An exception to the general rule that the party controlling access to the premises owes the legal duty to its invitees is recognized “where the owner of commercial property leases part of the property to tenants while at the same time retaining the sole responsibility under the lease to maintain the common areas.... ” Id.
Additionally, a “lessor (owner) may be liable in tort to the lessee and to third persons for injuries resulting from latent dangerous conditions of which the lessor (owner) knew or should have known and which existed on the leased premises when the lessor (owner) delivered possession of the leased premises to the lessee without appropriate warnings!.]” Bovis, 505 So.2d at 664. As explained in Bovis, the owner’s potential liability in this context does not flow from some vague notion of “control,” but from the fact that the dangerous condition existed without correction or warning when the owner did control access to the premises, and entrusted the property to another. Id.
Appellants’ confusion appears to stem from the fact that Buckner and Republic own Vac-Tron. Not surprisingly, there is ample evidence that the owners of Vac-Tron exercised some “control” over Vac-Tron, including evidence that Republic influenced Vac-Tron’s maintenance decisions for the property. Appellants argued below and on appeal that this evidence of “control” (control over Vac-Tron and its decisions regarding property repairs) creates a factual dispute (to be resolved by a jury) on the premises liability issue, even while candidly acknowledging the lack of any evidence suggesting that Buckner or Republic dominated Vac-Tron to the extent necessary to “pierce the corporate veil.” See, e.g., Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008) (discussing the three factors that must be proven to “pierce the corporate veil” and *329 hold individual shareholders liable for the actions or debts of a corporation.)[6] In affirming the judgment in favor of Republic and Fischer, however, the majority necessarily and properly recognize that the term “control” for premises liability purposes is governed by the lease giving Vac-Tron exclusive possession of the premises, along with. its concomitant control. over access to the property.

. It is worth noting that accepting this argument would effectively eviscerate the liability protections historically associated with the corporate structure, at least for those corporations that control access to property.