# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-639
Lower Tribunal No. 17-4695
_____

**Mercedes Sanchez, et al.,**
Appellants,

vs.

**MAC Acquisition, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

The Tinstman Law Firm, P.A., and Eric M. Tinstman; Philip D. Parrish, P.A., and Philip D. Parrish, for appellants.

Kubicki Draper, and Sharon C. Degnan (Orlando), for appellees.

Before HENDON, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Bovis v. 7-Eleven, Inc., 505 So. 2d 661, 664 (Fla. 5th DCA 1987) ("[T]he duty to protect others from injury resulting from a dangerous condition on a premises does not rest on legal ownership of the dangerous area but on the right to control access by third parties which right usually exists in the one in possession and control of the premises."); Bechtel Corp. v. Batchelor, 250 So. 3d 187, 196 (Fla. 3d DCA 2018) ("[C]ontrol of property for purposes of premises liability means control that rises to the level of the ability to control access or exclude others from the property. 'The duty to protect others from injury resulting from a dangerous condition on a premises rests on the party who has the right to control access by third parties to the premises, be it the owner, an agent, or a lessee of the property.'" (quoting Brown v. Suncharm Ranch, Inc., 748 So. 2d 1077, 1078 (Fla. 5th DCA 1999))); Bovis, 505 So. 2d at 663 ("In this case, as in the usual lease arrangement, the lessor had no right to control access by third parties to the leased premises and the lessee had actual possession and the right to control access to the leased premises . . . .").